Ignazio LA CHINA, Appellant

v.

The WOODLANDS OPERATING COM-
PANY, L.P. d/b/a The Woodlands Re-
sort & Conference Center, MS TWC,
Inc., WECCR, Inc. d/b/a The Wood-
lands Resort & Conference Center,
The Woodlands Commercial Proper-
ties Company, L.P., WECCR General
Partnership, MS Hospitality, LP, and
MND Hospitality, Inc., Appellees.

No. 14–12–00066–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 8, 2013.

Rabeea Sultan, Houston, for Appellant.

James Howard Stilwell, The Woodlands, for Appellees.

Panel consists of Justices FROST, CHRISTOPHER, and JAMISON.

## MAJORITY OPINION

MARTHA HILL JAMISON, Justice.

In this case, we consider whether the trial court properly granted summary judgment in favor of the defendants in a negligence suit brought by a waterpark patron who allegedly suffered injuries resulting from a collision on a waterslide.

Concluding that the trial court properly granted summary judgment in favor of some of the defendants, but the claims against newly-added parties were not the subject of a summary-judgment motion, we affirm in part and reverse and remand in part.[1]

### BACKGROUND

Appellant Ignazio La China spent a weekend in June 2009 at The Woodlands Resort and Conference Center. While patronizing the facility's waterpark, he allegedly collided with another patron on a waterslide and sustained injuries to his nose and back. Exactly two years later, La China filed suit against The Woodlands Operating Company, L.P., d/b/a The Woodlands Resort & Conference Center; MS TWC, Inc.; and WECCR, Inc. d/b/a The Woodlands Resort & Conference Center (collectively, the "Original Defendants"), asserting claims for negligence and gross negligence. La China alleged the Original Defendants did not have an employee at the top of the waterslide to regulate traffic and failed to reasonably and prudently protect the safety of waterpark patrons.

In answering the suit, the Original Defendants claimed a defect in parties as none is an owner, lessor, lessee or manager of the waterpark. The Original Defendants also asserted a general denial and several affirmative defenses. After the parties engaged in discovery but still early in the case, the Original Defendants filed a traditional motion for summary judgment, asserting that La China filed suit against the wrong entities and that the Original Defendants owed him no legal duty.[2] The

---

1. This appeal was transferred by order of the Supreme Court of Texas to this court from the Beaumont Court of Appeals.

2. La China sued the Original Defendants in negligence and gross negligence. Both causes of action require the element of a legal duty owed. *See Lefmark Mgmt. Co. v. Old,*

Original Defendants attached as summary-judgment evidence an affidavit of A. Karen West, Vice President and General Counsel for The Woodlands Operating Company, L.P., stating that The Woodlands Operating Company, L.P. and WECCR, Inc. do not do business as "The Woodlands Resort & Conference Center"; and the Original Defendants are not the owners, lessors, lessees, or managers of, or the employers of people working at the waterpark. In their summary-judgment motion, the Original Defendants identified other entities as "the owner of," "the lessee of," "the Manager of," and "the employer at" that location.

Before the trial court ruled on the summary-judgment motion, La China filed a motion for continuance, stating that he needed more time to secure discovery.[3] La China also amended his pleadings to add as additional defendants the other entities identified in the West affidavit: The Woodlands Commercial Properties Company, L.P.; WECCR General Partnership; MS Hospitality, LP; and MND Hospitality, Inc. (hereinafter collectively, the "New Defendants"). La China filed objections to West's affidavit, asserting that it was not proper summary-judgment evidence because it contained conclusory statements and hearsay and West did not establish her personal knowledge as to WECCR, Inc., MS TWC, Inc. and the New Defendants. Though La China also moved to strike the West affidavit, the record does not reflect that the trial court ruled on either the motion to strike or La China's objections to the summary judgment evidence. La China also filed a response to the summary-judgment motion and attached three supporting exhibits. The tri-

al court granted summary judgment, expressly stating in the judgment that it was final and appealable and finally disposed of all claims and all parties.

### DISCUSSION

La China asserts that the trial court erred in granting summary judgment in favor of the Original Defendants because (1) the affidavit supporting the motion for summary judgment was insufficient; (2) La China's evidence created a genuine issue of material fact that the Original Defendants are properly named parties who owed La China a legal duty; and (3) the trial court abused its discretion in denying La China's motion for a continuance of the summary judgment hearing. La China further complains that the summary judgment disposed of the claims against the New Defendants without any summary-judgment motion seeking dismissal of these claims.

In a traditional motion for summary judgment, the movant has the burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex. 2000). Likewise, with a traditional summary-judgment motion, the nonmovant has no burden to respond unless the movant conclusively establishes a claim or defense. *See id.* If the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *See id.* A fact is material if it affects the

---

946 S.W.2d 52, 53 (Tex.1997); *see also Holman v. KRJ Mgmt., Inc.,* 14–03–00017–CV, 2004 WL 502934, at *2 (Tex.App.-Houston [14th Dist.] Mar. 16, 2004, no pet.) (mem. op.).

3. The record on appeal does not include a notice of hearing or a signed order regarding the continuance.

ultimate outcome of the lawsuit under the governing law. *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 957 (Tex.App.-Dallas 2013, no. pet. h.); *see also Pierce v. Washington Mut. Bank*, 226 S.W.3d 711, 714 (Tex.App.-Tyler 2007, pet. denied). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex.2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## I. The Affidavit Supporting the Summary Judgment Motion is Sufficient.

In his first issue, La China argues the evidence in support of the motion for summary judgment is incompetent because the single affidavit supporting the motion is conclusory and based on hearsay and the affiant, Karen West, did not establish her personal knowledge with regard to WECCR, Inc., MS TWC, Inc., and the New Defendants. West's statements in her affidavit are not conclusory. A "conclusory" statement is defined as "[e]xpressing a factual inference without stat-

ing the underlying facts on which the inference is based."[4] *See Arkoma Basin Exploration Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 389 n. 32 (Tex.2008) (citing Black's Law Dictionary 308 (8th ed. 2004)); *see also LeBlanc v. Lamar State Coll.*, 232 S.W.3d 294, 301 (Tex.App.-Beaumont 2007, no pet.) ("Statements are conclusory if they fail to provide underlying facts to support their conclusions."). Conclusory affidavits are not sufficient to raise fact issues because they are not credible or susceptible to being readily controverted. *Ryland Group v. Hood*, 924 S.W.2d 120, 122 (Tex.1996) (per curiam). West attested that the Original Defendants are not owners, lessors, lessees, or managers of the waterpark or employers of anyone working there. We find these statements are not conclusory: they furnish some factual information that could have been rebutted and, therefore, contain enough underlying facts to support a summary judgment award. *See Rivera v. White*, 234 S.W.3d 802, 808 (Tex.App.-Texarkana 2007, no pet.).

The dissent argues that the affidavit is conclusory because it recites a legal standard. The statement that the Original Defendants are not "the owners, lessors, lessees, or managers [of the waterpark or] the employer of persons working there" recites *facts*, not legal *conclusions*, because, if incorrect, these facts could be readily controverted.[5] The dissent cites *Geiselman v. Cramer Financial Group, Inc.* for the proposition that "conclusions of ownership or lack of ownership must be supported by underlying facts." 965 S.W.2d 532, 537 (Tex.App.-Houston [14th Dist.] 1997, no writ). In that case, Cramer

---

4. An objection is not required to preserve error on a challenge to conclusory statements because they constitute no evidence. *Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex.2004).

5. The legal standard at issue here is the existence of a duty. These facts establish that the Original Defendants did not owe La China a duty, as discussed below.

Financial Group sued Geiselman and others to collect on unsecured promissory notes payable to a failed bank. *Id.* at 534. Cramer was required to prove ownership of the notes by showing, among other things, possession of the original notes or "what . . . happened to the original notes." *Id.* at 539. Cramer claimed, but did not present competent evidence that, the notes had been "lost, stolen or inadvertently destroyed." *Id.* at 536–37. We held the statement that Cramer was the owner of the notes, without proof of possession or what happened to the notes, was a legal conclusion. *Id.* at 537. The case does not stand for the broader proposition posited by the dissent that a statement of ownership (or lack of ownership), standing alone, cannot be a fact. *See, e.g., Nguyen v. Citibank N.A.,* 403 S.W.3d 927, 931–32 (Tex.App.-Houston [14th Dist.] 2013, no. pet. h.) (holding affiant's assertion of ownership of credit card account on behalf of bank was sufficient to establish such ownership and not conclusory); *Cannon v. Tex. Indep. Bank,* 1 S.W.3d 218, 225 (Tex. App.-Texarkana 1999, pet. denied) (finding affiant's statements "concerning execution and delivery of . . . note . . . and concerning [bank] being the holder and owner of the [note were] statements of fact and not mere expressions of opinion").

The dissent also cites *Doherty v. Old Place, Inc.* in support of the argument that statements of ownership always must be supported by underlying facts. 316 S.W.3d 840, 844–45 (Tex.App.-Houston [14th Dist.] 2010, no pet.). Ownership of real property was the ultimate issue in that case. The affiant summarily stated that he held "fee simple title" to property based on three theories of adverse possession. *Id.* at 845. These statements constituted legal conclusions because they did not include the underlying facts that supported the conclusion that the affiant owned the property through adverse possession. *Id.*

Here, ownership of the waterpark is not the ultimate issue. The Original Defendants sought to prove they did not owe a duty to La China. They did so by showing they did not own, lease, manage, or employ anyone working at the waterpark. That the Original Defendants do not own the waterpark is not a legal conclusion regarding a contested issue in this case—it is a fact which, if established, negates the existence of a duty.

██ La China did not secure a ruling on his other objections to West's affidavit regarding personal knowledge and hearsay.[6] Thus, La China waived these objections. *See Washington DC Party Shuttle, LLC v. IGuide Tours, LLC,* 406 S.W.3d 723, 732 (Tex.App.-Houston [14th Dist.] 2013, no pet. h.) (en banc) (holding objection to lack of affiant's personal knowledge is waived by failure to obtain ruling); *Rizkallah v. Conner,* 952 S.W.2d 580, 585 (Tex.App.-Houston [1st Dist.] 1997, no writ) (same);[7]

---

6. The dissent's other argument that the affidavit is conclusory is based on the fact that the affidavit does not establish her West's personal knowledge with regard to her connections to MS TWC, Inc. or WECCR, Inc. or with regard to the facts that the Original Defendants are not owners, lessors, lessees, or managers of the waterpark or employers of anyone working there.

7. Our sister court in Beaumont has not decided whether an objection to an affiant's lack of personal knowledge is waived by the failure to obtain a ruling. However, we and the majority of our sister courts have answered this question in the affirmative. *See IGuide Tours,* 2013 WL 3226768, at *9 (noting the Second, Fourth, Fifth, Sixth, Seventh, Tenth, and Eleventh Courts of Appeals have held an affiant's lack of personal knowledge is a defect of form that is waived by the failure to obtain a ruling, but the Third and Eighth Courts of Appeal have held an affiant's lack of personal knowledge is a defect of substance

*Graves v. Alders,* 132 S.W.3d 12, 17 (Tex. App.-Beaumont 2004, pet. denied) (holding objections to affidavits based on hearsay were waived due to failure to obtain written ruling). West's affidavit is sufficient to conclusively establish the Old Defendants' defense as to legal duty.

■ In addition to concluding that West's affidavit is conclusory, the dissent also would hold that the Original Defendants' evidence failed to establish they did not "control" or "occupy" the subject premises and thus owed no duty to La China. La China did not raise this issue in his appellate brief. We may not address an issue not asserted or briefed by La China. *Robinson v. Alief Indep. Sch. Dist.,* 298 S.W.3d 321, 326 n. 2 (Tex.App.-Houston [14th Dist.] 2009, pet. denied). Regardless, the summary-judgment evidence was sufficient to disprove La China's allegation that the Original Defendants owed him a duty.

■ Tort liability requires "both the existence of and the violation of a duty." *Lefmark Mgmt. Co. v. Old,* 946 S.W.2d 52, 53 (Tex.1997); *see also Holman v. KRJ Mgmt., Inc.,* 14-03-00017-CV, 2004 WL 502934, at *2 (Tex.App.-Houston [14th Dist.] Mar. 16, 2004, no pet.) (mem. op.). Duty in the context of premises liability is "commensurate with the right of control." *Lefmark Mgmt. Co.,* 946 S.W.2d at 53–54; *Nichols v. Tanglewood Manor Apartments,* 14-04-00864-CV, 2006 WL 278282, at *5 (Tex.App.-Houston [14th Dist.] Feb. 7, 2006, no pet.) (mem. op.). A party in control of a premises "is under the same duty as the owner to keep the premises . . . in safe condition." *City of Denton v. Page,* 701 S.W.2d 831, 834 (Tex.1986); *see also Rendleman v. Clarke,* 909 S.W.2d 56, 60 (Tex.App.-Houston [14th Dist.] 1995, writ dism'd). Control can be demonstrat-

ed by ownership, occupation, management, or possession of property. *Lefmark Mgmt. Co.,* 946 S.W.2d at 54; *see also Holman,* 2004 WL 502934, at *2; *De Leon v. Creely,* 972 S.W.2d 808, 812 (Tex.App.-Corpus Christi 1998, no pet.) (citing Restatement (Second) of Torts § 328E to say that control requires "physical control of the property or the intention to occupy or possess the property"). The elements of control can be proven by a contractual agreement assigning a right to control or evidence of actual control. *Dow Chem. Co. v. Bright,* 89 S.W.3d 602, 606 (Tex.2002); *see also Olivares v. Brown & Gay Eng'g, Inc.,* 401 S.W.3d 363, 367–69 (Tex.App.-Houston [14th Dist.] 2013, no. pet.).

Admittedly, the West affidavit fails to specifically deny that the Original Defendants "controlled" or "occupied" the premises where La China allegedly was injured. However, West attested the Original Defendants did not own, lease or manage the subject property, and from the terminology used in the affidavit, one should easily infer a lack of control or occupation. *See Gunn v. Harris Methodist Affiliated Hosps.,* 887 S.W.2d 248, 251 (Tex.App.-Fort Worth 1994, writ denied). The *Gunn* case presented a summary judgment affidavit similar to the West affidavit. The defendant hospital attested it did not own, maintain or operate the premises in which Gunn was injured. *Id.* at 251. The trial court granted summary judgment, and Gunn appealed, arguing the hospital failed to negate its duty to Gunn because it did not deny that it occupied the premises. *Id.* at 249. The court held that "the [h]ospital's failure to use the specific term 'occupy' in its motion for summary judgment and supporting affidavit was not a fatal flaw." *Id.* at 251.

that may be raised for the first time on appeal).

■ The Original Defendants' failure to use the specific terms "occupy" or "control" did not preclude the trial court from entering summary judgment in the Original Defendants' favor. The meanings of the words "occupy" and "own" are generally understood to indicate an ability to manage and control. *See Am. Fid. & Cas. Co. v. Traders & Gen. Ins. Co.*, 160 Tex. 554, 334 S.W.2d 772, 775 (1959); *State v. Garcia*, 823 S.W.2d 793, 798 (Tex.App.-San Antonio 1992, pet. ref'd). Given that the terms "operate," as used in the *Gunn* case, and "own," as used here, are synonymous with "manage" and "control," and given that the Original Defendants presented evidence that they did not "own, lease, or manage" the subject premises, the Original Defendants' summary judgment evidence was sufficient to disprove La China's allegation that the Original Defendants owed him a duty.

We overrule La China's first issue.

## II. La China Did Not Raise a Genuine Issue of Material Fact as to a Legal Duty Owed by the Original Defendants.

■ In his second issue, La China argues he raised a genuine issue of material fact as to whether the Original Defendants are properly named parties who owed La China a legal duty because (1) WECCR, Inc. and The Woodlands Operating Company, L.P. filed an assumed name certificate identifying The Woodlands Resort and Conference Center, which is the subject premises, as their assumed name; (2) MS TWC, Inc. filed documentation with the Texas Secretary of State showing it is a general partner of The Woodlands Operating Company, L.P.; and (3) a third-party administrator for The Woodlands Operating Company, L.P. acknowledged it received notice of La China's injuries and identified a claim number for La China. La China tries to prove too much. At most, this evidence supports a reasonable inference that WECCR, Inc. and The Woodlands Operating Company, L.P. have a right to conduct business as The Woodlands Resort and Conference Center; MS TWC, Inc. was a general partner of The Woodlands Operating Company, L.P.; and a third-party claims adjuster for The Woodlands Operating Company, L.P. opened a claim for La China's alleged injuries. Even if true, these facts are not material to the issue of whether the Original Defendants owed La China a legal duty. Considering the evidence in the light most favorable to La China, reasonable and fair-minded jurors could not differ in their conclusions in light of the summary-judgment evidence that the Original Defendants did not owe a legal duty to La China for his injuries at the waterpark. *See Mack Trucks, Inc.*, 206 S.W.3d at 582.

## III. The Trial Court's Denial of La China's Motion for Continuance Was Not a Clear Abuse of Discretion.

■ La China further complains in his second issue that the trial court abused its discretion in denying La China's motion for continuance requesting time to obtain responses to discovery requests and to conduct depositions relevant to the summary-judgment motion. When a party argues it has not had an adequate opportunity for discovery before a hearing on a traditional summary-judgment motion, such as here, the trial court may order a continuance of the hearing if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." Tex.R. Civ. P. 166a(g), 251, 252; *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-

case basis. *Joe*, 145 S.W.3d at 161. A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* We may consider the following nonexclusive factors in determining whether the trial court abused its discretion: (1) the length of time the case has been on file, (2) the materiality and purpose of the discovery sought, and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Joe*, 145 S.W.3d at 161; *Life Forms, Inc. v. Woodlands Operating Co.*, 304 S.W.3d 591, 601 (Tex.App.-Beaumont 2010, pet. denied).

It is undisputed that La China filed suit against the Original Defendants on the last day before the limitations period expired and sought discovery well over two years after the alleged incident. Neither the request for continuance nor the attached affidavit contain an assertion that La China exercised due diligence to ascertain the proper defendants to the lawsuit prior to the filing of the summary-judgment motion. *See* Tex.R. Civ. P. 252; *see also Richards v. Am. Nat'l Prop. & Cas. Co.*, 195 S.W.3d 758, 762 (Tex.App.-Beaumont 2006, no pet.) (holding trial court did not abuse discretion in denying motion for continuance when party seeking continuance did not show due diligence to procure the testimony). Given these facts, we conclude that the trial court did not make a clear and prejudicial error of law in denying the request for continuance.

We overrule La China's second issue.

**IV. The Trial Court Erroneously Entered Summary Judgment in Favor of the New Defendants.**

In his third issue, La China complains that the trial court erroneously entered summary judgment disposing of the claims against the New Defendants because no summary-judgment motion sought dismissal of these claims. Before the trial court granted summary judgment, La China amended his petition to add negligence and gross-negligence claims against the New Defendants. The Original Defendants did not amend their summary-judgment motion, and the New Defendants did not appear or assert a summary-judgment motion. It is undisputed that when the trial court granted summary judgment, the New Defendants had not been served with citation.

The Original Defendants effectively ask this court to disregard the claims against the New Defendants because these defendants had not made an appearance and had not been served with process when the trial court rendered judgment. Thus, the Original Defendants argue the trial court had no jurisdiction over the New Defendants and no ability to render judgment against the New Defendants when it granted the Original Defendants' summary-judgment motion. Because the Original Defendants were the only defendants served, they argue the trial court's judgment was final and disposed of all parties. To the contrary, La China's claims were pending against the New Defendants when the trial court rendered summary judgment, despite the failure of La China to serve the New Defendants with citation, the failure of the New Defendants to make an appearance, and the trial court's inability to render judgment against the New Defendants. *See In re Sheppard*, 193 S.W.3d 181, 188–89 (Tex. App.-Houston [1st Dist.] 2006, orig. proceeding) (holding trial court had not lost plenary power over defendants not yet served in lawsuit after trial court dismissed plaintiff's claims against another defendant). In its judgment, the trial court disposed of the claims against the New Defendants when no summary-judgment motion sought such dismissal. In

doing so, the trial court erred. *See Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex. 1984) (holding trial court erred in entering summary judgment in favor of party that "was not a party to the summary-judgment proceedings"); *see also S. Mgmt. Servs., Inc. v. SM Energy Co.,* 398 S.W.3d 350, 358 (Tex.App.-Houston [14th Dist.] 2013, no pet.) (holding disposition of third-party claims not addressed in summary-judgment motion was error).

We sustain La China's third issue.

### CONCLUSION

We affirm the trial court's entry of summary judgment as to the Original Defendants. However, the trial court erred in granting summary judgment regarding La China's claims against the New Defendants because those defendants did not seek summary judgment. The summary judgment in favor of the New Defendants is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

FROST, J., dissenting.

KEM THOMPSON FROST, Justice, dissenting.

A water-park patron who suffered injuries as a result of a collision on a waterslide asserted premises-liability negligence claims against three defendants. These defendants sought a traditional summary judgment on only one ground—that they owe no legal duty to the plaintiff because they are not the owners, lessors, lessees, or managers of the location identified in the plaintiff's petition, nor the employers of persons working there. The trial court granted summary judgment. The only evidence offered in support of the motion was a two-page affidavit containing conclusory statements, which cannot be the basis for a summary judgment. Even if the defendants had proved conclusively that

they did not occupy the role of owner, lessor, lessee, or manager of the location and were not the employer of the persons working there, that would not negate the element of duty as a matter of law. Therefore, this court should reverse and remand the trial court's summary judgment as to these three defendants.

***The trial court granted a one-ground motion for traditional summary judgment based on a two-page conclusory affidavit.***

While patronizing a water park at The Woodlands Resort and Conference Center, appellant/plaintiff Ignazio La China collided with another patron on a waterslide and sustained injuries to his nose and back. Exactly two years later, La China brought suit against The Woodlands Operating Company, L.P., d/b/a The Woodlands Resort & Conference Center; MS TWC, Inc.; and WECCR, Inc. d/b/a/ The Woodlands Resort & Conference Center (collectively, the "Original Defendants"), asserting claims for negligence and gross negligence. La China alleged the Original Defendants did not have an employee at the top of the waterslide to regulate traffic and that they failed to reasonably and prudently protect the safety of water-park patrons.

The Original Defendants did not move for a no-evidence summary judgment, but they did file a motion for traditional summary judgment in which they made the following assertions:

The [Original Defendants] file this Motion for Summary Judgment because they are not the owners, lessors, lessees, or managers of the location complained of by Plaintiff, nor the employer of persons working there.

. . .

It is black letter law that one who is not the owner, lessor, lessee, employer at the premises or manager of a premises does not owe a legal duty to persons on that premises.

. . .

In order to succeed in establishing that [the Original Defendants] had a legal duty to Plaintiff, [the Original Defendants] must be the owners, lessors, lessees, employers at the location or managers of the location where the incident is alleged to have occurred.

[The Original Defendants] are not the owners, lessors, lessees, employers at the location, or managers of the location where the incident is alleged to have occurred, *see Affidavit of A. Karen West,* attached as Exhibit A, hereto. [The Original Defendants] have no duty associated with that property. Accordingly, they cannot be liable to Plaintiff as a matter of law.

The only evidence submitted in support of this motion was the two-page affidavit of A. Karen West. La China opposed this motion and objected that the statements in the West affidavit are conclusory. The trial court granted the Original Defendants' motion and dismissed La China's claims against them. On appeal, La China asserts that the trial court erred in granting summary judgment.

***Because the statements in the West affidavit are conclusory, they are incompetent to support the trial court's summary judgment.***

Under the Original Defendants' sole summary-judgment ground, they would owe no legal duty to La China as a matter of law if they are not the owners, lessors, lessees, or managers of the location in question, nor the employers of persons working at that location. To prove their entitlement to summary judgment under this ground, the Original Defendants rely upon the following statements from West's affidavit:

3. The Woodlands Operating Company, L.P., MS TWC, Inc., and WECCR, Inc. are not the owners, lessors, lessees, or managers of the location complained of by [La China] in his petition, nor the employer [sic] of persons working there;

4. The Woodlands Commercial Properties Company, L.P. is the owner of that location;

5. WECCR General Partnership is the lessee of that location;

6. MS Hospitality, L.P. is the Manager of that location[; and]

7. MND Hospitality, Inc. is the employer at that location.[1]

A statement is conclusory if it provides a conclusion but does not provide the underlying facts to support the conclusion.[2] *See Pipkin v. Kroger Texas, L.P.,* 383 S.W.3d 655, 670 (Tex.App.-Houston [14th Dist.] 2012, pet. denied); *Dolcefino v. Randolph,* 19 S.W.3d 906, 930 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). A statement may be conclusory either because it

1. In her affidavit, West also states that The Woodlands Operating Company, L.P. and WECCR, Inc. do not do business as The Woodlands Resort & Conference Center. Even if these statements are not conclusory, they do not show that either defendant is not the owner, lessor, lessee, or manager of the location identified by La China in his petition, or the employer of persons working there.

2. The majority quotes a definition of "conclusory" from Black's Law Dictionary that is quoted in a parenthetical in a long citation in *Arkoma Basin Exploration Co. v. FMF Assocs. 1990–A, Ltd.,* 249 S.W.3d 380, 389 n. 32 (Tex. 2008). The majority suggests that the Supreme Court of Texas adopted this definition in that case. *See ante* at p. 520. Though the *Arkoma Basin* court cited various authorities, including Black's Law Dictionary, that court did not address the proper definition of "conclusory" or "conclusory statement." *See Arkoma Basin Exploration Co.,* 249 S.W.3d at 389.

sets forth an unsupported legal conclusion or because it sets forth an unsupported factual conclusion. *Pipkin*, 383 S.W.3d at 670. Statements in an affidavit that recite the legal standard asserted in the motion for summary judgment are conclusory. *See Doherty v. The Old Place, Inc.*, 316 S.W.3d 840, 844–45 (Tex.App.-Houston [14th Dist.] 2010, no pet.); *Brookshire Katy Drainage Dist. v. The Lily Gardens, LLC*, 333 S.W.3d 301, 308 (Tex.App.-Houston [1st Dist.] 2010, pet. denied). Conclusory statements are incompetent and insufficient to support or defeat a motion for summary judgment. *See Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991). General statements are convenient but lack the authority of particular facts.[3]

The first statement (paragraph 3) quoted above is simply a recitation of the legal standard asserted by the Original Defendants in their motion for summary judgment. As such, this statement is conclusory and cannot be used to support the trial court's judgment. *See Doherty*, 316 S.W.3d at 844–45; *Brookshire Katy Drainage Dist.*, 333 S.W.3d at 308; *Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 837 (Tex.App.-Dallas 2005, no pet.). The above-quoted statements provide conclusions that (1) none of the Original Defendants are the owner, lessor, lessee, or manager of the location about which La China complains in his petition, nor the employer of persons working there, and (2) an entity other than the Original Defendants is the owner, lessor, lessee, or manager of that location, and the employer of persons working there. But, the West affidavit does not provide the underlying facts to support these conclusions. Nor does the West affidavit address the location about which La China complains in his petition. Is it The Woodlands Resort & Conference Center or the waterslide on which La China was injured or the real property on which this waterslide is located? The affidavit does not contain facts supporting West's conclusion that none of the Original Defendants are owners of the property. The affidavit reflects that West is an officer of The Woodlands Operating Company, L.P. ("Woodlands Operating") but does not show that West has any connection with MS TWC, Inc. or WECCR, Inc. Does West base her conclusion that the Original Defendants are not owners on the personal knowledge that she obtained in the course of fulfilling her responsibilities as Vice President and General Counsel of Woodlands Operating? Does West base this conclusion on business records that purport to reflect the property owned by the Original Defendants? Did West conduct a title search in the Montgomery County real property records or review documents reflecting a title search by someone else? Does West base this conclusion on statements made to her by others, and if so, by whom? Does West base this conclusion on a blog entry that she read on the internet? Ownership of property or lack thereof is not something that can be observed by the five senses, and conclusions of ownership or lack of ownership must be supported by underlying facts. *See Geiselman v. Cramer Financial Group, Inc.*, 965 S.W.2d 532, 536–38 (Tex.App.-Houston [14th Dist.] 1997, no pet.). The West affidavit is devoid of necessary facts to support West's statements.

In her affidavit, West does not supply the facts underlying her conclusions that, when she executed her affidavit, entities other than the Original Defendants were the owner, lessor, lessee, or manager of

---

**3.** Paraphrased from a quote by Oliver Wendell Holmes, Sr. *See* Oliver Wendell Holmes, Sr., *The Poet at the Breakfast Table* 10 (1872) ("A wise man recognizes the convenience of a general statement, but he bows to the authority of a particular fact.").

the location made the subject of La China's petition, or the employer of persons working there. In addition, West does not identify the owner, lessor, lessee, or manager of that location, or the employer of persons working there at the time La China was injured on the waterslide, more than two years before West executed her affidavit. Because West failed to supply the facts underlying her conclusions, the statements in her affidavit are conclusory and provide no basis for affirming the trial court's summary judgment.[4] *See Anderson*, 808 S.W.2d at 55 (holding affidavit containing legal conclusions was insufficient to support traditional summary judgment in favor of defendant); *Olivares v. Brown & Gay Engineering, Inc.*, 401 S.W.3d 363, 372–73 (Tex.App.-Houston [14th Dist.] 2013, no pet. h.) (holding that statements in affidavit that one defendant controlled and directed the work of anoth-

er defendant were conclusory); *Doherty*, 316 S.W.3d at 844–45 (holding that statements in affidavit attempting to show that party held title to certain real property were conclusory and did not raise fact issue in trespass to try title action); *Geiselman*, 965 S.W.2d at 536–38 (holding that evidence was insufficient to prove that alleged assignee of notes was the owner of the notes, despite conclusory statement in affidavit that alleged assignee was the owner of the notes). Because West's statements are the only evidence supplied by the Original Defendants in support of their summary-judgment motion and because these statements do not show that these defendants are entitled to summary judgment, this court should reverse the trial court's judgment as to the Original Defendants.[5] *See Anderson*, 808 S.W.2d at 55.

4. The majority relies upon two cases in support of the proposition that a bare statement that an entity owns property is not conclusory. *See ante* at p. 521 (citing *Nguyen v. Citibank N.A.*, No. 14–12–00153–CV, 403 S.W.3d 927, 931–32 (Tex.App.-Houston [14th Dist.] June 25, 2013, no. pet. h.); *Cannon v. Texas Indep. Bank*, 1 S.W.3d 218, 225 (Tex.App.-Texarkana 1999, pet. denied)). These cases do not support this proposition and involve summary-judgment proof different from that in the case under review. *See Nguyen*, 403 S.W.3d at 931–32 (involving affidavit in which employee and records custodian of plaintiff (1) identified defendant's account as being owned by plaintiff, (2) stated that plaintiff's business records reflect the activity on defendant's account, including charges, payments, interest, and balances due, (3) authenticated and attached to the affidavit numerous billing statements that affiant testified had been sent to the defendant by the plaintiff, and (4) stated that the plaintiff is the party to whom the delinquent debt is due); *Cannon*, 1 S.W.3d at 225 (involving testimony by bank vice president in both affidavit and deposition that bank was the current owner and holder of the note and testimony that (1) after an attempted foreclosure sale by the bank as servicing agent of the Federal National Mort-

gage Association ("Fannie Mae"), Fannie Mae required the bank to repurchase the note, which the bank did in June 1997, (2) when Fannie Mae sold the note back to the bank, indorsement of the note was not necessary because the bank had indorsed the note in blank when it sold the note to Fannie Mae).

5. La China also asserts that West failed to show how she had personal knowledge of the statements she made as to all entities other than Woodlands Operating. In a recent case from this court, a closely divided en banc court held that an affidavit's failure to affirmatively show how the affiant has personal knowledge of the statements contained therein is a defect of form, and under this reasoning of the en banc majority, La China waived the complaint by failing to obtain a ruling on his objection in the trial court. *See Washington DC Party Shuttle, LLC v. IGuide Tours, LLC*, 406 S.W.3d 723, 732 (Tex.App.-Houston [14th Dist.] 2013, no pet. h.) (en banc). Though this case was transferred from the Ninth Court of Appeals to this court, research has not revealed any precedent from the transferor court inconsistent with the five-justice en banc majority opinion in *Washington DC Party Shuttle*. *See* Tex.R.App. P. 41.3. Thus, this panel is bound by the majority

***Even if the statements in the West affidavit are not conclusory, the trial court erred in granting summary judgment as to the Original Defendants.***

In their motion, the Original Defendants asserted a single ground that was based on the proposition that a defendant in a premises-liability case, as a matter of law, does not owe the plaintiff a negligence duty if the defendant is not the owner, lessor, lessee, or manager of the location made the subject of the plaintiff's petition, nor the employer of persons working there. La China's negligence theory is a nonfeasance theory based upon the defendants' failure to take measures to make the property safe, rather than a malfeasance theory based on affirmative, contemporaneous conduct by the defendants that allegedly caused the injury. Thus, La China's negligence claim is based on a premises-liability theory rather than a negligent-activity theory. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex.2010). To prove, as a matter of law, that they owed La China no negligence duty, the Original Defendants, at a minimum, had to prove, as a matter of law, that they did not own, occupy, or control the premises in question at the time of the accident. *See Wilson v. Texas Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex.1999) (holding that, under a premises-liability theory, negligence duty is owed by person who owns, occupies, or controls the premises where the injury occurred); *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 324 (Tex.1993) (holding that defendant who had control over premises where injury occurred owed negligence duty under premises-liability theory). Significantly, the Original Defendants did not assert in their motion that they were not occupiers of the location in question or that they did not control the premises where the accident occurred.[6]

The legal proposition advanced in the Original Defendants' motion suffers from at least two deficiencies. First, without citing any cases in support of the proposi-

---

opinion in *Washington DC Party Shuttle*. But, if the Supreme Court of Texas were to agree with the en banc dissenting justices in *Washington DC Party Shuttle*, then the West affidavit's failure to affirmatively show how West has personal knowledge as to the statements regarding all entities other than Woodlands Operating would be another basis for reversing as to MS TWC, Inc. and WECCR, Inc., and perhaps as to Woodlands Operating. *See Washington DC Party Shuttle, LLC*, 406 S.W.3d at 743–48 (Frost, J., dissenting).

6. The majority asserts that this dissent addresses an issue not asserted or briefed by La China. *See ante* at pp. 521–22. The Supreme Court of Texas has stressed that appellate courts must construe an appellant's brief "reasonably, yet liberally" so as to "reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex.2008). *See also Ditta v. Conte*, 298 S.W.3d 187, 189–90 & n. 5 (Tex.2009) (broadly construing the issues presented in petitioner's petition for review in light of brief to include an argument not expressly contained in the petition for review or the brief). In his appellant's brief, La China argues that the trial court erred in granting summary judgment based on the West affidavit and asserts that summary judgment is proper only if the Original Defendants establish that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. La China's brief is sufficient to assert the argument that the West affidavit does not conclusively prove the Original Defendants' entitlement to summary judgment. *See Ditta*, 298 S.W.3d at 189–90; *Perry*, 272 S.W.3d at 587. Concluding otherwise not only undermines the high court's directive but also contravenes the practice and precedent of this court. *See, e.g., Speedy Stop Food Stores, Ltd. v. Reid Road Municipal Util. Dist.*, 282 S.W.3d 652, 655 (Tex.App.-Houston [14th Dist.] 2009) (liberally construing appellant's brief to include challenge to trial court's order striking summary-judgment affidavit even though the appellant did not expressly state this argument but instead argued the affidavit raised a genuine issue of material fact), *aff'd*, 337 S.W.3d 846 (Tex.2011).

tion, the Original Defendants presume that a party who is not an owner, lessor, lessee, or manager of the premises and who does not employ anyone working there, cannot ever occupy or control the premises in question. But, the Supreme Court of Texas has not taken such a narrow view. Under the high court's precedent, a party who undertakes to perform services on a property yet fails to perform those services may be deemed to have sufficient control over the property for the imposition of a negligence duty, even though the party does not fall within any of the categories listed in the Original Defendants' motion. *See County of Cameron v. Brown,* 80 S.W.3d 549, 556 (Tex.2002) (holding plaintiff sufficiently pleaded negligence duty under premises-liability theory based upon allegations that defendant had undertaken to maintain the premises, even though defendant was not the owner, lessor, lessee, or manager of the premises and did not employ anyone working there); *Brenham Housing Auth. v. Davies,* 158 S.W.3d 53, 59–60 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (recognizing that de-

fendant who was not owner, lessor, lessee, or manager of the premises and did not employ anyone working there could owe negligence duty under premises-liability theory), *abrogated in part on other grounds by, Rusk State Hosp. v. Black,* 392 S.W.3d 88, 95 n. 3 (Tex.2012). The Original Defendants' motion and evidence are based upon a false premise—that only owners, lessors, lessees, managers, or employers of people working on the property may be occupiers of the property or people who have control over the property.[7] Others also potentially fall into that category.

For example, the owner of the waterslide might have had a contract with one of the Original Defendants for that defendant to serve as "waterslide safety coordinator" with the right to control the flow of patrons down the waterslide, but that defendant might have chosen not to send any of its employees to work at the waterslide.[8] Thus, the Original Defendants' summary-judgment ground is based on a legal standard that does not accurately reflect Texas law.[9] *See County of Cameron,* 80 S.W.3d

---

7. The motion and affidavit adopt a static, categorical analysis not supported by the caselaw. In the motion and affidavit, the Original Defendants and West essentially assert that another entity is the "owner," "lessor," "lessee," "manager," and "employer." But, the fundamental issue is not whether the Original Defendants fall into any of these static categories or whether other entities do, but whether the Original Defendants controlled or had the right to control the premises in question when the accident occurred. *See County of Cameron,* 80 S.W.3d at 556; *Wilson,* 8 S.W.3d at 635; *Alexander,* 868 S.W.2d at 324. The Original Defendants could have controlled or had the right to control the premises in question when the accident occurred without falling into any of these categories. *See County of Cameron,* 80 S.W.3d at 556; *Brenham Housing Auth.,* 158 S.W.3d at 59–60.

8. The Original Defendants did not submit any evidence showing that they have no connection with the waterslide or showing what, if

any, connection they have with the waterslide. Nor did the Original Defendants submit any evidence as to whether they entered into any contracts with any party regarding the waterslide.

9. The majority relies upon *Gunn v. Harris Methodist Affiliated Hospitals. See* 887 S.W.2d 248, 251–52 (Tex.App.-Fort Worth 1994, writ denied). In that case, the plaintiff did not assert any argument that the affidavit statements were conclusory, and the court did not quote any statements from the affidavit or state that the affidavit contained *only* a statement that the defendant did not own, operate, or maintain the premises where the plaintiff was injured. *See id.* The *Gunn* court concluded that the defendant conclusively proved that it did not control the premises by proving that it did not own, operate, or maintain the premises. *See id.* Even if this court were to decide to follow *Gunn,* the West affidavit does not address whether the Original Defendants operated or maintained the premises.

at 556; *Wilson,* 8 S.W.3d at 635; *Alexander,* 868 S.W.2d at 324; *Brenham Housing Auth.,* 158 S.W.3d at 59–60. This is a fatal defect. And, it is not the only one.

The relevant inquiry is the defendant's relationship to the premises at the time of the occurrence made the basis of the suit. *See Lefmark Management Co. v. Old,* 946 S.W.2d 52, 54 (Tex.1997). But, the legal standard on which the Original Defendants' motion and the West affidavit are based addresses each defendant's relationship to the premises when the motion was filed and the affidavit was executed, which was more than two years after the accident. For this additional reason, the Original Defendants' summary-judgment ground is based on a legal standard that does not accurately reflect Texas law. *See id.*

Even presuming for the sake of argument that the statements in the West affidavit are not conclusory and are true, these statements do not prove as a matter of law that the Original Defendants owed no negligence duty to La China because the legal standard upon which these statements are based does not correctly reflect Texas law.[10] *See County of Cameron,* 80 S.W.3d at 556; *Wilson,* 8 S.W.3d at 635; *Lefmark Management Co.,* 946 S.W.2d at 54; *Alexander,* 868 S.W.2d at 324; *Brenham Housing Auth.,* 158 S.W.3d at 59–60. Therefore, summary judgment was not proper.

For the foregoing reasons, the trial court erred in granting summary judgment in favor of the Original Defendants. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000); *Wilson,* 8 S.W.3d at 635; *Alexander,* 868 S.W.2d at 324; *Anderson,* 808 S.W.2d at 55; *Buffington v. Sharp,* No. 14-11-00588-CV, —— S.W.3d ——, ——, 2012 WL 3758098, at \*5–6 (Tex.App.-Houston [14th Dist.] Aug. 30, 2012, pet. denied). This court should reverse the trial court's judgment in its entirety and remand for further proceedings.[11] Because it does not, I respectfully dissent.

---

10. The majority relies upon two cases that are not on point. *See Am. Fid. & Cas. Co. v. Traders & Gen. Ins. Co.,* 160 Tex. 554, 334 S.W.2d 772, 775 (1959) (determining that company was in control of the premises where the accident occurred for the purposes of determining insurance coverage); *State v. Garcia,* 823 S.W.2d 793, 798 (Tex.App.-San Antonio 1992, pet. ref'd) (addressing meaning of "own" or "operate" a "Sexually Oriented Commercial Enterprise" in a commissioners' court order during analysis of constitutional issue in a criminal case).

11. The majority is correct in concluding that the trial court's judgment should be reversed as to the claims against the defendants added in La China's amended petition and the case remanded as to these claims.