Francis P. DOHERTY, Appellant

v.

The OLD PLACE, INC., Appellee.

No. 14–08–00494–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 22, 2010.

Michael C. Whalen, Houston, for appellant.

A.G. Crouch, Alvin, for appellee.

Panel consists of Justices YATES, FROST, and BROWN.

## OPINION ON REHEARING

LESLIE B. YATES, Justice.

We deny appellant's motion for rehearing, vacate and withdraw our prior opinion and judgment dated April 6, 2010, and issue this opinion on rehearing and judgment in their place.

Appellant, Francis P. Doherty, appeals the summary judgment granted in favor of appellee, The Old Place, Inc., on his causes of action for trespass to try title and for removal of cloud on title. We affirm.

## I. Background

On March 21, 1978, appellant and his wife were deeded 9.93 acres in Brazoria County, Texas. On April 3, 1978, appellant and his wife executed a deed conveying the 9.93 acres to appellant's five daughters, Mary Elizabeth Wisnoski, Annette Marie Vavrecka, Kathleen Ann Doherty, Maureen Ann Doherty, and Estelle Anne Doherty.[1] The daughters subsequently formed appellee corporation and, on January 8, 1997, the daughters deeded the 9.93 acres to appellee.

In 1999, appellant filed suit against his daughters and appellee seeking, among other things, to set aside the deed to the daughters as well as the subsequent deed conveying the property to appellee.[2] Following a jury trial in November 2005, the trial court granted a directed verdict in favor of the daughters and appellee on appellant's claims of no consideration, fraud, and breach of fiduciary duty. Based on the jury's finding that appellant had delivered the deed to his daughters, the court rendered a take-nothing judgment against appellant and divested him of all right, title, and interest in the 9.93 acres. The court signed the final judgment on December 30, 2005. Appellant filed an appeal which was subsequently dismissed for want of prosecution due to appellant's failure to timely file a brief.[3]

---

1. The deed was recorded on September 25, 1986.

2. This case was styled *Francis P. Doherty v. Mary Elizabeth Wisnoski, Individually and as Trustee, Annette Marie Vavrecka, Kathleen Ann Dalmolin, Maureen Ann Doherty, Estelle Ann Kreft and The Old Place, Inc.,* No. 10584, in the 239th District Court of Brazoria County, Texas.

3. Thereafter, appellant filed a second suit naming four of his five daughters and appellee among the defendants. On March 14, 2007, the trial court signed an order sustaining the special exceptions filed by the daughters and appellee and dismissed them from the suit.

On May 15, 2007, appellant filed the instant action to remove cloud on title based on his claim that the deed to his daughters was forged or, in the alternative, as an action in trespass to try title through prior possession or adverse possession. Appellee filed no-evidence and traditional motions for summary judgment. On April 14, 2008, the trial court granted both motions. In its order, the court also granted appellee's requests for writ of possession against appellant barring him from entering the property and for a permanent injunction enjoining appellant from filing another lawsuit involving appellee or the property at issue.

## II. Standard of Review

To be entitled to traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997); *Brown v. Hearthwood II Owners Ass'n, Inc.*, 201 S.W.3d 153, 159 (Tex.App.-Houston [14th Dist] 2006, pet. denied). In reviewing a traditional summary judgment, we examine the entire record in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the motion. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 782 (Tex.2007). When a trial court's order granting summary judgment does not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced are meritorious. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

■ A no-evidence summary judgment will be granted when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex.2003). When the motion for summary judgment presents both no-evidence and traditional grounds, appellate courts generally review the no-evidence grounds first. *See Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex.App.-Dallas 2007, pet. denied) (reviewing propriety of summary judgment under no-evidence standards of rule 166a(i) where motion presented both no-evidence and traditional grounds) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004)).

## III. Analysis

### A. Appellant's Trespass to Try Title Claim

In his first issue, appellant contends that the trial court erred in granting appellee's no-evidence motion for summary judgment because the motion failed to identify the elements of appellant's claims as to which there was no evidence. Appellant further argues that, even if appellee's motion is sufficient, appellant provided more than a scintilla of evidence to support his claims.

■ Under rule 166a(i), a no-evidence summary judgment motion must state the specific elements as to which there is no evidence; that is, it must not be general or conclusory. *See* Tex.R. CIV. P. 166a(i); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex.2002). The purpose of the specificity requirement is to provide the non-movant with fair notice of the matters on which it must produce some evidence. *See Martin v. McDonnold*, 247 S.W.3d 224, 233 (Tex.App.-El Paso 2006, no pet.).

■ In its no-evidence motion, appellee asserted there is no evidence of any of the following: (1) a regular chain of conveyances from the sovereign; (2) a superior title out of a common source; (3) title by adverse possession; or (4) prior possession which has not been abandoned. We conclude that appellee's no-evidence motion was sufficiently specific in that it clearly identified the methods by which a plaintiff can prove title to land and appellee contended that appellant provided no evidence of any of these methods. We therefore reject this portion of appellant's first issue.

Appellant next argues that the trial court erred in granting appellee's no-evidence motion because appellant provided more than a scintilla of evidence to raise a fact issue on the challenged elements. In both his summary judgment response and appellate brief, appellant points to his March 20, 2008 affidavit and accompanying exhibits, and his second amended petition and accompanying exhibits, and concludes that these documents "collectively provide substantially more than a scintilla of evidence in support of [his] claims." The exhibits, taken together, consist of (1) the March 1978 deed conveying the property to appellant and his wife; (2) the April 1978 deed conveying the property from appellant and his wife to appellant's five daughters; (3) the January 1997 deed conveying the property from the daughters to appellee; and (4) an affidavit executed by appellant on February 12, 2008.

■ Appellant's summary judgment evidence is insufficient to raise a genuine issue of material fact. First, appellant's broad reference to his March 20, 2008 affidavit and exhibits as proof that there is more than a scintilla of evidence, without further explanation or argument, does not provide this Court with a clear indication about the evidence upon which he is relying. Appellant's statement fails to indicate as to which elements the documents raise a fact issue. Broad conclusory statements are not valid summary judgment evidence. *See Velasquez v. Waste Connections, Inc.,* 169 S.W.3d 432, 438 (Tex.App.-El Paso 2005, no pet.) (concluding that appellant's broad references to attached exhibits and deposition excerpts as proof of existence of genuine issues of material fact without further explanation or argument failed to rise to level of more than scintilla of evidence necessary to defeat no-evidence summary judgment).

■ Second, the March 20, 2008 affidavit attached to appellant's summary judgment response upon which he relies consists of conclusory statements without factual support. In his affidavit, appellant states as follows:

I state further that I claim fee simple title to the 9.93 acres of land ... through possession of said 9.93 acres of land, because I have possessed and used said 9.93 acres of land since that land was deeded to me and my wife on March 21, 1978 ... and I have used, enjoyed, and possessed said 9.93 acres of land for my own use and benefit and have claimed said land as my own since March 21, 1978, without abandonment of such use and possession at any time. My prior possession of the 9.93 acres of land ... commenced more than 29 years before the filing of the captioned lawsuit. In the alternative, I claim fee simple title to the 9.93 acres of land ... by adverse possession, because I have occupied the Subject Property in peaceable and adverse possession and have used, enjoyed, and appropriated said 9.93 acres of land for my own use and benefit and have claimed said 9.93 acres of land as my own for more than twenty-five (25 years) before the filing of the captioned lawsuit.... My use and possession of the Subject Property ... commenced on

or before March 21, 1978, and has continued without abandonment until the present time.

In the further alternative, I claim fee simple title to said 9.93 acres of land because I have possessed said 9.93 acres of land in peaceable and adverse possession and have used and appropriated said 9.93 acres of land for my own exclusive use and benefit and continuously have claimed that land as my own for more than ten (10) years next preceding the filing of the captioned lawsuit.

Appellant's statements that he claims "fee simple title" to the property based on his prior possession of the land without abandonment or, alternatively, his occupation of the land in peaceable and adverse possession are merely conclusory and unsupported by factual evidence. *See Mem'l Park Med. Ctr., Inc. v. River Bend Dev. Group, L.P.,* 264 S.W.3d 810, 819 (Tex. App.-Eastland 2008, no pet.) (concluding defendant failed to provide summary judgment evidence raising fact issue on affirmative defense of limitations where affidavit did not set forth statements of fact to support legal conclusion that defendant had exercised actual and visible appropriation of land for ten or more consecutive years). Conclusory statements without factual support are not credible, and are not susceptible to being readily controverted. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex.1996); Tex.R. Civ. P. 166a(c). These statements in appellant's affidavit do not constitute competent summary judgment evidence.

Accordingly, the trial court did not err in granting appellee's no-evidence motion for summary judgment on his trespass to try title claim because appellant failed to present any evidence that created a genuine issue of material fact. *See* Tex.R. Civ. P. 166a(i). Issue one is overruled.

**B. Appellant's Removal of Cloud on Title Claim**

In his second issue, appellant contends that the trial court erred in granting appellee's motion for traditional summary judgment. Specifically, he argues that because appellee failed to conclusively prove all of the elements of its affirmative defenses, the trial court should have denied appellee's motion. Because we find that the trial court properly granted appellee's no-evidence motion as to his trespass-to-try-title claim, we consider his argument that the trial court improperly granted appellee's traditional motion as it relates to his removal of cloud on title claim only.

■ In his second amended petition, appellant added a cause of action for removal of cloud on title based on his assertion that the 1978 deed to his daughters was forged. He alleged that because "the notary public falsely certified that the deed was acknowledged on April 3, 1978," the deed was therefore void ab initio and did not convey title to his daughters. Consequently, he argued, the daughters did not convey title to appellee under the 1997 deed. In its supplemental motion for summary judgment, appellee argued that appellant's claim for removal of cloud on title was barred by res judicata and collateral estoppel.

■ The doctrine of res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action. *See Igal v. Brightstar Info. Tech. Group, Inc.,* 250 S.W.3d 78, 86 (Tex.2008). To be entitled to summary judgment on the affirmative defense of res judicata, the movant must establish (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) the same parties or those in privity with them, and (3) a second action based on the same claims as were raised or could have been raised in the first action. *See*

*id.* The Texas Supreme Court uses a transactional approach to res judicata; that is, the factual matters comprise the subject matter of the litigation and determine "the gist of the complaint." *Puste-jovsky v. Rapid–Am. Corp.*, 35 S.W.3d 643, 651 (Tex.2000). Subsequent litigation cannot be based on claims that arise from those facts. *See id.*

Appellant does not dispute that in his prior suit, Cause No. 10584, the trial court issued a final judgment on the merits and was a court of competent jurisdiction. Thus, the first element of res judicata has been met.

As to the second element—identity of parties or those in privity with them—appellant argues that the parties in Cause No. 10584 are not the same as the parties in this case. To the contrary, the record clearly shows that the defendant here, The Old Place, Inc., was also a named defendant in the prior action. Therefore, the second element of res judicata has been met.

As to the third element, appellant contends that this suit is not based on the same claims he raised in the previous action. In support of his contention, he argues that the only issue determined by the jury in the prior suit was whether he delivered the deed to his daughters.[4] Thus, he concludes, the claims in this suit do not have a close factual relationship with the claims raised in the prior suit. Appellant's argument is without merit. Assuming without deciding that appellant's removal of cloud on title claim was not raised in Cause No. 10584, the claim could have been raised in the previous action. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex.1992) ("The scope of res judicata is not limited to matters actu-

ally litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on *causes of action* or defenses which arise out of the same *subject matter* and which might have been litigated in the first suit.") (emphasis in original) (quoting *Texas Water Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex.1979)).

In the prior action, appellant sought to have the 1978 deed to his daughters as well as the 1997 deed from the daughters to appellee set aside. The 1978 deed was executed before Cause No. 10584 was filed; thus, any claim based on the validity of the deed (*e.g.*, a forgery claim) could have been asserted in the previous action. For these reasons, res judicata bars appellant's action for removal of cloud on title. We affirm the trial court's grant of appellee's traditional motion for summary judgment as to plaintiff's removal of cloud on title claim. Issue two is overruled.

## IV. Conclusion

We affirm the judgment of the trial court.

---

4. Although appellant is correct that the only issue decided by the *jury* was delivery of the deed, the trial court also issued a directed verdict on his claims of no consideration, fraud, and breach of fiduciary duty.