In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-19-00198-CV
_____

## LEON KARLINSKI AND GAIL KARLINSKI, Appellants

## V.

## TEXAS LANDING UTILITIES, LC, DORANNE BAKER, AND JEFFREY BAKER, Appellees

**On Appeal from the 258th District Court
Polk County, Texas
Trial Cause Nos. CIV31944-B, CIV31944-C**

## MEMORANDUM OPINION

Appellants Leon Karlinski and Gail Karlinski (the Karlinskis) complain that the trial court erred in granting summary judgment to appellees, Texas Landing Utilities, LC, Doranne Baker, and Jefferey Baker, and the Karlinskis assert that their controversies with appellees are not moot. We affirm the trial court's judgments.

1

## Background

The Karlinskis filed suit against Texas Landing Utilities, LC ("TLU") and Jeremy Leggett, seeking declaratory relief and a temporary injunction and restraining order to prevent excavation on their property, Lots 85 and 86 of TLU's subdivision. According to the Karlinskis, Leggett damaged their property by digging holes while attempting to locate a sewage line. The Karlinskis filed suit when an agent of TLU informed them that TLU intended to dig on their property in the "same aimless manner as Leggett ha[d] already done." The Karlinskis argued that Leggett and TLU had no right to dig on their property. The trial court granted the Karlinskis' temporary injunction and ordered that no excavation could take place on the Karlinskis' lots. The order also required the Karlinskis to allow the use of their sewer clean-out line so Leggett and TLU could locate the sewer tap for Lot 84 and report its location to the court.

The Karlinskis added Jeffrey and Doranne Baker (the Bakers) as defendants and alleged that the Bakers were responsible for the sewage line connections from their house on Lot 84 to the street. The Karlinskis alleged that the Bakers hired Leggett to locate a sewer line for Lot 84 of TLU's subdivision, and that the Bakers and Leggett damaged the Karlinskis' property in the process. According to the Karlinskis, when Leggett was unable to locate the sewer tap, TLU informed them that it would be digging on their property to locate the tap. The Karlinskis filed a

2

petition requesting an injunction to prevent TLU and Leggett from performing any excavation on their lots. After conducting several conferences, the trial court lifted the temporary injunction it had previously granted and found that the excavation site for the sewer tap to Lot 84 was located in the Polk County right-of-way and not on the Karlinskis' property. The trial court's order allowed TLU to dig within the Polk County right-of-way to install the sewer tap for Lot 84 and to connect the six-inch sewer line in the county right-of-way to Lot 84. TLU completed the excavation work and hooked up the Bakers' sewage line.

The Bakers filed a no-evidence motion for summary judgment claiming that there is no evidence of one or more essential elements of the Karlinskis' claim for a declaratory judgment and attorney's fees. According to the Bakers, the declaratory judgment issue raised by the Karlinskis was moot because the sewer line and tap had already been installed in the Polk County right-of-way and there was no longer a live controversy. The Bakers further argued that there is no evidence of damages to the Karlinskis' property because all the excavation was completed in the Polk County right-of-way. In March 2019, TLU filed a no-evidence motion for summary judgment along with a traditional motion for summary judgment arguing that there was no genuine issue of material fact as to the location of the sewer line and tap.

TLU's summary judgment evidence includes, among other documents, its approved application for utility/pipeline construction in county right-of-way to run

3

sewer pipe and make a sewer tap for Lot 84; a document indicating the location of the county right-of-way; documents regarding the Karlinskis' complaint filed with the Texas Commission on Environmental Quality ("TCEQ") and the Public Utility Commission of Texas ("the Commission"); TLU's response to the Karlinskis' complaint, stating that TLU connected the Bakers' sewer line directly into a six-inch service line owned by TLU and that the Karlinskis' line was not involved in the connection; the Commission's letter to the Karlinskis stating that it had determined that TLU had acted consistently with applicable substantive rules; and the affidavit of David Sheffield, the owner of TLU, in which he averred that the excavation that was performed to hook up the Bakers' sewer line was solely performed within the Polk County right-of-way and completed in accordance with the permits issued by Polk County.

The Karlinskis filed a third amended petition adding a claim for trespass to real property against appellees for installing the sewer line across the Karlinskis' property and for violating the regulations of the TCEQ. According to the Karlinskis, appellees trespassed on Lot 85 without any authority and in violation of the Texas Property Code. The Karlinskis filed a separate response to appellees' motions for summary judgment and attached as summary judgment evidence photographs, estimates of the cost to repair the damage to their property, the restrictive covenants of TLU's subdivision, copies of the applicable TCEQ regulations, and the affidavit

4

of Leon Karlinski, in which he positively asserts that the Bakers' sewer line crosses his property without his permission or an easement. The Karlinskis argued that the trial court should deny appellees' no-evidence motions because appellees failed to establish any evidence supporting the denial of at least one of the essential elements of the Karlinskis' claim of damages or the right to use the Karlinskis' property. Concerning appellees' summary judgment evidence, the Karlinskis objected that Williams's and Sheffield's affidavits were not proper evidence because they were conclusory. According to the Karlinskis, while the excavation may be moot, the alleged trespass to their property and the alleged damage to their surface estate are not.

The trial court conducted a hearing on appellees' motions for summary judgment. TLU argued that the Karlinskis had no standing to sue because the excavation was performed in the county right-of-way, and the Commission found that no violation had occurred. The Karlinskis argued that Leggett excavated their front yard without a county permit, and TLU crossed over Lot 85 without their permission or an easement when it installed the sewer line in violation of TCEQ regulations. The Karlinskis also argued that their trespass claim is still viable because the sewer line crossed their lot, and the restricted covenants of TLU's subdivision state that the Bakers are liable for Leggett's actions, which allegedly caused the Karlinskis to spend over $1150 in repairs for their yard, irrigation system,

5

and yard decorations. The Karlinskis complained that the maps attached as summary judgment evidence do not comply with TCEQ regulations. When the trial court questioned their standing to object on behalf of TCEQ, the Karlinskis agreed they did not have standing to do so. The Karlinskis also stated that they did not have a survey indicating whether their sprinkler system was located in the right-of-way or utility easement.

After considering the parties' arguments, the trial court noted that property owners in subdivisions with easements may think that a part of the easement that is not paved is their property when technically it is not. The trial court explained that if the Karlinskis' sprinkler system was in the road or utility easement, it is subject to being taken out, and the trial court found that the Karlinskis had not presented any evidence showing that their sprinkler system was on their property and not in the right-of-way. The trial court granted TLU's no-evidence and traditional motions for summary judgment and the Bakers' no-evidence motion.

Appellees filed a joint motion for severance and the Karlinskis filed a motion for new trial and rehearing, and after conducting a hearing, the trial court granted the motion for severance and denied the motion for new trial. The trial court found that other than Leon Karlinski's conclusory affidavit, the Karlinskis failed to present any evidence that the sewer line crossed their property. The Karlinskis appealed.

Analysis

In issue one, the Karlinskis argue that the trial court erred in granting summary judgment in favor of TLU, because its motion for summary judgment failed to address the Karlinskis' claim of trespass to real property related to TLU installing a sewer line and tap across the Karlinskis' property without a valid easement. In issue two, the Karlinskis argue that the trial court erred in granting summary judgment in favor of the Bakers because their motion for summary judgment failed to address the Karlinskis' claims of trespass to real property related to the Bakers' initial trespass through their contractor, Leggett, and the later trespass of the sewer line. According to the Karlinskis, when appellees filed their motions for summary judgment, the Karlinskis' only claim for relief was one for declaratory judgment related to where the sewer line and tap should be installed, and in their motions, appellees asserted that the Karlinskis' declaratory judgment claim was moot because the sewer line and tap had already been installed. The Karlinskis contend that they filed their amended pleading adding claims for trespass to real property before their responses to the summary judgment motions were due, and their trespass claims, which include a claim for damages, were not "just a rehash of the declaratory judgment action[.]"

Appellees contend that their motions for summary judgment were sufficiently broad to encompass and negate the Karlinskis' trespass claim, which the Karlinskis

added in their amended petition. According to appellees, their motions for summary judgment addressed the excavation that is the subject of the Karlinskis' trespass claim. Appellees contend that the summary judgment record conclusively establishes and supports the trial court's express finding that the location of the excavation was not on the Karlinskis' property but in the Polk County right-of-way, and that the Karlinskis failed to offer credible evidence to contradict the trial court's express finding. Appellees argue that the trial court properly found Leon Karlinski's affidavit to be conclusory, and because the Karlinskis failed to prove that their purported photographs were of their property and not the right-of-way, the photographs do not create an issue of material fact to contradict the trial court's express finding that the excavation site is in the right-of-way.

"A [summary judgment] motion must stand or fall on the grounds expressly presented in the motion." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). Except in limited circumstances, when a plaintiff files amended pleadings asserting new and different claims after a defendant files a motion for summary judgment, the trial court may not grant summary judgment on those new and different claims unless the movant filed an amended or supplemental motion addressing those claims. *Callahan v. Vitesee Aviation Servs.*, LLC, 397 S.W.3d 342, 350-51 (Tex. App.—Dallas 2013, no pet.). Generally, a movant who does not address newly added claims alleged in a subsequent petition is not entitled to

8

summary judgment, and in cases in which the trial court grants more relief than requested, the portion of the summary judgment purporting to be final must be reversed. *Id.* at 350. However, an amended or supplemental motion for summary judgment is not required when the amended petition reiterates a previously pleaded cause of action, a ground asserted in a motion for summary judgment conclusively negates a common element of the new and previous claims, or when the original motion is broad enough to encompass the new claim. *Id.* Even though an underlying motion for summary judgment specifically omits a cause of action, we may affirm an erroneously granted summary judgment if the omitted ground was intertwined with, and precluded by, a ground addressed in the motion, because such error is harmless. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297-98 (Tex. 2011).

To establish a claim for trespass to real property, the Karlinskis must prove that (1) they owned or had a lawful right to possess the real property; (2) appellees entered their property and the entry was physical, intentional, and voluntary; and (3) the trespass caused injury. *See Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied). Appellees' no-evidence motions assert that the excavation was completed in the Polk County right-of-way and not on property owned by the Karlinskis. In determining that appellees were entitled to summary judgment on the Karlinskis' trespass claims, the trial court found that the Karlinskis

9

failed to produce any evidence showing that the excavation occurred on their property and not in the right-of-way.

We conclude that although the trial court erred by granting summary judgment to appellees on a cause of action not expressly presented by written motion, the error was harmless because appellees' no-evidence motions were broad enough to encompass and negate the Karlinskis' trespass claim. *See Magee*, 347 S.W.3d at 297-98; *Callahan*, 397 S.W.3d at 350. Accordingly, we overrule issues one and two.

In issue three, the Karlinskis argue that the trial court erred in granting summary judgment on TLU's assertion that no evidence existed of a justiciable controversy because the Karlinskis presented sufficient evidence to create a fact issue concerning whether TLU complied with the Commission's regulations requiring the Bakers' sewer line to tap into TLU's ten-inch main line instead of its six-inch line servicing the Karlinskis' property. In issues four and five, the Karlinskis argue that their controversies with TLU and the Bakers are not moot because genuine issues of material fact exist as to whether appellees violated their real property rights by installing the sewer line across their property in violation of TCEQ regulations.

We review summary judgment orders *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In resolving issue three, we must consider the trial court's ruling on the no-evidence part of TLU's hybrid motion for summary judgment before considering the traditional part. *See Ford Motor Co. v.*

10

*Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In reviewing a no-evidence motion, we must view the evidence in the light most favorable to the non-movant. *Id.* at 601. The trial court must grant a no-evidence motion if (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Because a trial court's decision granting a no-evidence motion for summary judgment is essentially a pretrial directed verdict, the same legal sufficiency standard is used in reviewing rulings made by the trial courts on motions for directed verdict. *Id.* at 750-51. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ridgway*, 135 S.W.3d at 600. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

We first address the Karlinskis' argument that evidence of a justiciable controversy existed because they presented sufficient evidence to create a fact issue concerning whether TLU complied with the Commission's regulations. TLU argues that the Karlinskis do not have standing to enforce governmental regulations, and

11

that the summary judgment evidence shows that the Commission rejected the Karlinskis' extrajudicial complaint and found that no violation occurred. During the hearing, TLU complained that the Karlinskis had no standing to sue because the excavation was performed in the county right-of-way, and when the trial court questioned the Karlinskis' standing to object on behalf of TCEQ, the Karlinskis agreed that they did not have standing to do so. Additionally, the undisputed summary judgment evidence shows that the Commission had reviewed TLU's documentation confirming that the Bakers' service line was connected directly to TLU's six-inch service line and found that TLU had acted consistently with applicable substantive rules.

The trial court also found that other than Leon Karlinski's conclusory affidavit, the Karlinskis failed to present any evidence that the sewer line crossed their property. Conclusory statements without factual support are not credible, and are not susceptible to being readily controverted. *See Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). We conclude that the statements in this affidavit do not constitute competent summary judgment evidence because they are conclusory and not susceptible to being readily controverted. *See Doherty v. Old Place, Inc.*, 316 S.W.3d 840, 844-45 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (op. on reh'g). While the Karlinskis also assert that the photographs of the sewer system being installed are sufficient to raise a genuine issue of material fact, the Karlinskis

12

did not present a survey of their property or an affidavit from a surveyor, which the trial court indicated it would have considered as evidence. The trial court found that the Karlinskis failed to produce any evidence showing that the excavation occurred on their property and not in the right-of-way.

We conclude that the trial court did not err in finding that there was no genuine issue of material fact on the Karlinskis' trespass claim, because the undisputed summary judgment evidence creates no fact issue as to the location of the sewer line and tap. We further conclude the trial court did not err in granting the Bakers' or TLU's no-evidence motion, because the Karlinskis failed to produce competent summary judgment evidence raising a genuine issue of material fact on their trespass claims. *See* Tex. R. Civ. P. 166a(i); *Ridgway*, 135 S.W.3d at 600-01; *Kindred*, 650 S.W.2d at 63; *Wilen*, 191 S.W.3d at 798. Because we have concluded that the trial court did not err in granting the Bakers' and TLU's no-evidence motions for summary judgment, we need not address the Karlinskis' arguments regarding the traditional summary judgment grounds, in which they contend that their controversy with TLU and the Bakers is not moot because genuine issues of material fact exist as to whether TLU and the Bakers violated their real property rights by installing the Bakers' sewer line across their property. *See* Tex. R. App. P. 47.1. We overrule issues three, four, and five. Having overruled each of the Karlinskis' issues, we

13

affirm the trial court's orders granting the Bakers' and TLU's no-evidence motions for summary judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on March 20, 2020
Opinion Delivered October 15, 2020

Before McKeithen, C.J., Horton and Johnson, J.J.