

# NUMBER 13-22-00580-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BERTHA MALDONADO,                                                    Appellant,

v.

CRIMSON RGV I, LLC, ET AL.                                          Appellees.

## ON APPEAL FROM THE 445TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Longoria, Tijerina, and Peña**
**Memorandum Opinion by Justice Tijerina**

Appellant Bertha Maldonado appeals the trial court's summary judgment in favor of appellees Crimson RGV I, LLC, et al. By four issues, which we have reorganized, Maldonado contends that (1) the trial court erred by striking her "timely filed amended pleadings, without any notice of [] a hearing"; (2) she "presented evidence of a genuine issue of material fact issue on each of the elements on her claim for title under the 10-

year adverse possession claim"; (3) the trial court "improperly ordered that all claims and all parties have been disposed of, when there are defendants who have been served and are before this [C]ourt, and who did not participate in the Motion for No evidence Summary Judgment"; and (4) the award of attorney fees was improper. We affirm.

## I.     BACKGROUND

On August 27, 2021, Maldonado filed suit to try title claiming that she had purchased property in Santa Rosa, Texas, from a married couple, Javier de los Santos and Tina G. de los Santos in June 1986. According to Maldonado, she and her now-deceased husband paid the contract price in full on June 17, 1998, and they began living and operating a business on the subject property. Maldonado alleges that she never received a deed to the property after completing the purchase. Maldonado claims that on May 6, 2021, appellee Hugo Xavier de los Santos on behalf of the estates of the de los Santoses sent notice to Maldonado to vacate the property. Maldonado states that Hugo filed a special warranty deed transferring the property to Crimson on July 29, 2021, and Crimson filed suit seeking to have Maldonado evicted from the property the next day.

On September 22, 2021, Maldonado filed her first amended original petition suing for trespass to try title claiming that she owned the property under the ten-year adverse possession statute. In her amended original petition, Maldonado abandoned her claim for breach of contract on the basis that she had purchased the property from the de los Santoses. Crimson filed a general denial. Crimson asserted affirmative defenses of statute of frauds, estoppel, judicial admission in the pleadings, fraud, conversion, limitations, negligent misrepresentation, malicious prosecution, frivolous filing, illegality,

2

inconsistent theories, and waiver. Crimson requested that the trial court award it reasonable and necessary attorney's fees.

On May 12, 2022, Crimson filed a motion for no evidence summary judgment. Crimson claimed that Maldonado "committed fraud by diverting the ad valorem property tax bills for the [property] and lying to the Cameron County Tax Office and the U.S.P.S." Crimson stated, "Without license or authority, [Maldonado] opened a U.S.P.S. box at the Santa Rosa U.S.P.S. in the name of" the company, "Sav-More Furniture & Appliances" that was founded and operated by the de los Santoses during their lives. According to Crimson, Maldonado "falsely misrepresented to the Cameron County Tax Office that Sav-More had changed its address to the Santa Rosa post office address that [she] obtained [by] subterfuge."

In the motion, Crimson claimed that Maldonado had "failed and refused to make discovery." Crimson alleged that Maldonado presented no evidence to support her pleading for "trespass to try title" because there is no proof that she owned the property. Crimson said, "After adequate time for discovery, [Maldonado] cannot provide any evidence to support the element of ownership of a headright certificate, land script or bounty warrant or other evidence of legal right to the Subject Res." Crimson argued that Maldonado "has produced an unsigned contract that [she] purports constitutes a sales agreement by and between one Santiago Maldonado, as buyer, and Javier de los Santos, as seller. There is no document evidencing title and [Maldonado] has produced no 'headright certificate, land script or bounty warrant.'" Next, Crimson argued that Maldonado's "trespass to try title action fails because in order to maintain an action under

3

Chapter 22 of the Texas Property Code, [she] may not rely on any alleged weakness of [Crimson's] title and must prove that [she] has superior title to the Subject Res," which according to Crimson, she could not do. Crimson challenged each element of Maldonado's claim for adverse possession. Crimson sought attorney's fees pursuant to § 132.001 of the civil practices and remedies code.

The trial court set a hearing on Crimson's motion for a no evidence summary judgment for June 2, 2022. On May 20, 2022, Maldonado filed a second amended original petition adding Hugo, in his capacity as the "Independent Executor of the Estate of Tina G. [d]e [l]os Santos, Deceased." Then on May 26, 2022, Maldonado filed her third amended petition adding appellees, "the heir[s] and beneficiar[ies] of the Estate of Tina G. [d]e [l]os Santos, Deceased," Rafic Cesar de los Santos, Rene de los Santos, Tina Roselle de los Santos, and Kirk Renier de los Santos (the heirs).

On May 26, 2022, Maldonado filed her response to Crimson's motion for no evidence summary judgment claiming that she has evidence of her legal right to the property through adverse possession. Maldonado alleged that on February 17, 1995, she and her deceased husband "took peaceable, exclusive and adverse possession of the property"; "Since February 17, 1995, [she has] enjoyed and used the property for commercial purposes of operating a business, and [has] had continuous open, peaceable, exclusive, and adverse possession [of] the property since that date"; "On or about May 6, 2021, [Hugo], on behalf of his purported clients, the Estates of Javier and Tina G. [d]e [l]os Santos, sent a Notice to Vacate to [Maldonado]." Maldonado attached Crimson's motion for no evidence summary judgment, her third amended petition, and

4

her affidavit to her response.

Crimson filed special exceptions and a reply to Maldonado's response. Crimson argued that Maldonado improperly filed her second and third amended petitions seeking "to add third parties who have no interest in the subject matter of the case at bar," and "to delay the proceedings and to avoid summary judgment by subterfuge and delay tactics." Additionally, Crimson argued that by filing the second and third amended petitions, Maldonado sought "to omit . . . the sworn judicial admission that [Maldonado] has heretofore made, in particular, that [Maldonado] claims that [she] purchased the subject property and had permission to enter and possess same by or under the purported purchase contract." Crimson further argued that Maldonado's affidavit was conclusory and self-serving and requested that it be stricken. Finally, Crimson asked the trial court to strike Maldonado's second and third amended petition on the basis that she added five parties, "without demonstrating what interest, if any, that any of the said five additional parties have in the subject property or the subject matter of the case at bar" without leave of the trial court. Crimson said, "Nowhere in either of [her] said pleadings does [Maldonado] relate any particular facts or cause of action [to] any of the five (5) [additional] defendants that [she] seeks to add to the lawsuit, in particular defendants," the heirs. Moreover, "[t]he only averments concerning Hugo X de los Santos was that he prepared and signed a deed acting in his capacity as Independent Administrator of the Estate of Tina G. de los Santos and Independent Administer of the Estate of Javier de los Santos. However, [Maldonado] alleges no facts or causes that make this an actionable event." Crimson stated, "Furthermore, [Maldonado] fails to allege that [Hugo] or either of the two

5

referenced estates make any claim to the subject property."

Maldonado moved for a continuance, which the trial court granted. The trial court held a summary judgment hearing, and it granted Crimson's motion for no evidence summary judgment in a written judgment on August 17, 2022. The trial court ordered that Maldonado take nothing in her suit, and it awarded attorney's fees to Crimson. The trial court filed an amended order on September 22, 2022. In its amended order, the trial court granted Crimson's motion to strike Maldonado's second and third amended petitions, and it dismissed with prejudice Maldonado's "action against" Hugo and the heirs. Maldonado filed a motion for reconsideration and to set aside the take nothing summary judgment. This appeal followed.

## II.    ORDER TO STRIKE

By her first issue, Maldonado contends that the trial court abused its discretion when it struck her second and third amended petitions because they were filed more than seven days before trial. *See* TEX. R. CIV. P. 63. Next, citing Rule 21(b) Maldonado argues that the trial court failed to provide notice of a hearing. *See id.* 21(b) (requiring that parties be provided notice of any hearings). Maldonado states, "There is no indication in the record that [Crimson] filed the proposed 9/22/22 Order or gave prior notice to [her]." This is the extent of Maldonado's argument. *See* TEX. R. APP. P. 38.1(i).

"Rule 63 provides for the denial of leave to file an amended pleading when the opposing party objects and there is evidence of surprise or prejudice or the amendment would be prejudicial on its face. . . ." *Mosaic Baybrook One, L.P. v. Cessor*, 668 S.W.3d 611, 625 (Tex. 2023). The party challenging the amendment has the burden to show

6

surprise or prejudice. *Patino v. Texas Employers Insurance Association*, 491 S.W.2d 754, 756 (Tex. Civ. App.—Austin 1973, writ ref'd n.r.e.). "[T]he trial court may conclude the amendment is on its face calculated to surprise or that the amendment would reshape the cause of action, prejudicing the opposing party and unnecessarily delaying the trial. *Hakemy Bros., Ltd. v. State Bank & Tr. Co., Dallas*, 189 S.W.3d 920, 924 (Tex. App.—Dallas 2006, pet. denied). "A trial court's decision on whether to allow the amendment of pleadings is reviewed under an abuse-of-discretion standard." *Perez v. Embree Constr. Grp.*, 228 S.W.3d 875, 882–83 (Tex. App.—Austin 2007, pet. denied).

Here, Crimson argued to the trial court that Maldonado added parties who had no interest in the subject property. Specifically, Crimson stated, that Maldonado failed to demonstrate "what interest, if any, that any of the said five additional parties have in the subject property or the subject matter of the case at bar"; and Maldonado "fail[ed[ to allege that [Hugo] or either of the two referenced estates ma[d]e any claim to the subject property." On appeal, Maldonado does not argue that the trial court incorrectly determined that adding five people who were unrelated to the suit was not prejudicial, as she does not even cite Rule 63.

Nonetheless, the trial court may have concluded that adding unrelated parties would reshape Maldonado's cause of action, prejudicing Crimson and unnecessarily delaying the trial. *See Hakemy Bros., Ltd.*, 189 S.W.3d 920, 924. As Maldonado does not challenge this basis for the trial court's ruling, we are unable to conclude that it abused its discretion when it struck Maldonado's amended petitions. *See Trevino v. City of San Antonio*, 685 S.W.3d 863, 867 (Tex. App.—San Antonio 2023, no pet.) ("In the absence

of a challenge to all asserted grounds, 'we must accept the validity of the unchallenged independent grounds and affirm the adverse ruling.'" (citing *In re Elamex, S.A. de C.V.*, 367 S.W.3d 879, 888 (Tex. App.—El Paso 2012, orig. proceeding); and then citing *Harris v. Gen. Motors Corp.*, 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ denied))).

Moreover, Maldonado does not challenge with legal argument and citation to appropriate authority the trial court's dismissal with prejudice of her claims against Hugo and the heirs. *See* TEX. R. APP. P. 38.1; *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) ("We have held repeatedly that the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error."). Therefore, we cannot conclude that the trial court abused its discretion in this regard. *See Strange v. HRsmart, Inc.*, 400 S.W.3d 125, 131 (Tex. App.—Dallas 2013, no pet.) ("We review a trial court's ruling on amended pleadings under an abuse-of-discretion standard." (first citing *Hardin v. Hardin*, 597 S.W.2d 347, 349–50 (Tex.1980); and then citing *Halmos v. Bombardier Aerospace Corp.*, 314 S.W.3d 606, 622 (Tex. App.—Dallas 2010, no pet.))). We overrule Maldonado's first issue.

### III.  ISSUE OF MATERIAL FACT

By her second issue, Maldonado contends that she raised an issue of material fact on each element of her adverse possession cause of action. Crimson responds that the only evidence attached to her response to its motion for no evidence summary judgment is conclusory.

### A.  Standard of Review and Applicable Law

When an adequate time for discovery ceases, "a party without presenting summary

judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim . . . on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i); *see Oasis Oil Corp. v. Koch Ref. Co.*, 60 S.W.3d 248, 250 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied). Once a no evidence motion for summary judgment has been filed, the burden shifts to the non-moving party to present evidence raising an issue of material fact as to the challenged elements. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). We consider the evidence in the light most favorable to the non-movant, crediting such evidence if reasonable jurors could and disregarding all contrary evidence and inferences unless reasonable jurors could not. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). "When a trial court's order granting summary judgment does not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced are meritorious." *Doherty v. Old Place, Inc.*, 316 S.W.3d 840, 843 (2010).

"A person must bring suit not later than" ten years "after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses or enjoys the property." TEX. CIV. PRAC. & REM. CODE ANN. § 16.030(a). Adverse possession requires "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 69 (Tex. 2011) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1)).

"[T]he acts which are relied upon to thus acquire title must be such as are open,

9

notorious and even inconsistent with a similar claim that may be made by other persons who enjoy in common the same privileges of use, as claimant." *Felts v. Whitaker*, 129 S.W.2d 682, 688 (Tex. App.—Fort Worth 1939), *aff'd*, 155 S.W.2d 604 (Tex. 1941). "The test of hostility is whether acts performed by the claimant on the land, and the use made of the land, was of such a nature and character as to reasonably notify the true owner of the land that a hostile claim was being asserted to the property." *Martin v. McDonnold*, 247 S.W.3d 224, 235 (Tex. App.—El Paso 2006, no pet.); *Villarreal v. Chesapeake Zapata, L.P.*, No. 04-08-00171-CV, 2009 WL 1956387, at *3 (Tex. App.—San Antonio July 8, 2009, no pet.) (mem. op.). "Possession must not only be actual, but also visible, continuous, notorious, distinct, hostile (i.e., adverse), and of such a character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant." *Martin*, 247 S.W.3d at 235. The possession must be sufficiently hostile as to cause the owner to question the claimant's possession for the term of the limitations period. *Cherokee Water Co. v. Freeman*, 145 S.W.3d 809, 817 (Tex. App.—Texarkana 2004, pet. denied).

## B.     Discussion

In its motion for summary judgment, Crimson challenged each element of Maldonado's adverse possession claim. In response, Maldonado first cited her petition alleging it served as evidence that raised an issue of material fact on each element of her claim. However, "[p]leadings do not constitute summary judgment evidence." *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 815 (Tex. App.—Dallas 2012, no pet.); *see Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 819

(Tex. 2021) (noting that a "party cannot rely on its own pleadings allegations as evidence of facts" in opposition to a motion for summary judgment); *see also Campise v. Davila*, No. 10-23-00025-CV, 2023 WL 2916688, at *2 (Tex. App.—Waco Apr. 12, 2023, no pet.) (mem. op.) ("[T]he assertions made by Campise in his petitions are not evidence that create a fact issue so as to defeat summary judgment."); *Heavenly Homes of S. Tex., LLC v. Infinity Custom Constr., LLC*, No. 13-21-00298-CV, 2022 WL 2069232, at *8 (Tex. App.—Corpus Christi–Edinburg June 9, 2022, no pet.) (mem. op.) ("But pleadings do not constitute evidence, even if they are sworn or verified."). Therefore, the trial court could not consider her petition. *See MGA Ins. Co.*, 358 S.W.3d at 815.

Next, Maldonado cited her affidavit attached to her response to Crimson's motion as raising issues of material fact on each element of her adverse possession claim. In her affidavit, Maldonado stated:

> "On or about June 20, 1986, Javier de los Santos and wife, Tina G. de los Santos, as husband and wife, and as owners, filed a Designation of Homestead, wherein, they both swore under oath, that the listed property therein was owned by both of them . . . [in] Santa Rosa, Cameron County, Texas 78593."
>
> "On or about February 17, 1996 I and my husband (now deceased) took peaceable, exclusive and adverse possession of the property . . . ."
>
> "Since February 17, 1996, [we] have enjoyed and used the property for commercial purposes and I have operated a business on the property and have had continuous, open, exclusive, peaceable and adverse possession the property since that date."

Maldonado cited no other purported summary judgment evidence.

The Texas Supreme Court determined that a very similar affidavit was conclusory and not supported by factual evidence. *See Doherty*, 316 S.W.3d at 845. In that case, the

11

affiant claimed, "fee simple title to the 9.93 acres of land . . . because [he] possessed and used [the] land since that land was deeded to [him] and [his] wife on March 21, 1978." *Id.* at 844. The affiant stated, "I have used, enjoyed, and possessed said 9.93 acres of land for my own use and benefit and have claimed said land as my own since March 21, 1978, without abandonment of such use and possession at any time." *Id.* The affiant said that in the alternative, he claimed, "fee simple title" to the land "by adverse possession, because [he] occupied the Subject Property in peaceable and adverse possession" and that he "used, enjoyed, and appropriated" the land for his "own use and benefit." *Id.* The affiant alleged that his "use and possession of the Subject Property . . . continued without abandonment until the present time." *Id.* at 844–45. The affiant further asserted in the alternative that he had "possessed" the land "in peaceable and adverse possession and [had] used and appropriated [the land] for [his] own exclusive use and benefit and continuously [had] claimed that land as [his] own for more than ten (10) years. . . ." *Id.* at 845. The court held that the affiant's statements did "not constitute competent summary judgment evidence." *Id.* Therefore, the court concluded that "the trial court did not err in granting appellee's no evidence motion for summary judgment on his trespass to try title claim because [the affiant] failed to present any evidence that created a genuine issue of material fact." *Id.*

Likewise, here, Maldonado's statements lack factual support. She states, "I and my husband (now deceased) took peaceable, exclusive and adverse possession of the property," and "I have enjoyed and used the property for commercial purposes [,] and I have operated a business on the property and have had continuous, open, exclusive,

12

peaceable and adverse possession the property since that date." These statements are indistinguishable from those made by the affiant in *Doherty*. *See id.* They are conclusory, not credible, and not susceptible to being readily controverted. *See id.* For example, Maldonado does not state any facts to establish that she performed acts on the land or that her use of the land was of such a nature and character as to reasonably notify the true owner that a hostile claim was being asserted to the property. *See Martin*, 247 S.W.3d at 235; *Villarreal*, 2009 WL 1956387, at *3. She merely claims that her undisclosed acts were hostile. Additionally, Maldonado does not set out facts showing that she committed any acts that were open, notorious, or "inconsistent with a similar claim that may be made by other persons who enjoy in common the same privileges of use" as she enjoyed and instead merely claims that her undisclosed acts were open. *Felts*, 129 S.W.2d at 688. Finally, Maldonado does not set out any factual evidence to support a finding that her possession of the property was "of such a character as to indicate unmistakably" that she asserted a claim of exclusive ownership of the property. *See Martin*, 247 S.W.3d at 235. Therefore, Maldonado's statements do not constitute competent summary judgment evidence. *See id.* We conclude that the trial did not err in granting Crimson's motion for no evidence summary judgment on Maldonado's trespass to try title claim because she failed to present any evidence that created a genuine issue of material fact. *See id.* We overrule Maldonado's second issue.

## IV. FINALITY OF THE JUDGMENT

By her third issue, Maldonado contends that the trial court abused its discretion by "improperly order[ing] that all claims and all parties have been disposed of, when there

13

are defendants who have been served and are before this court, and who did not participate in the Motion for No evidence Summary Judgment." This is the extent of Maldonado's argument. We are not allowed to make the appellant's argument or conduct legal research on her behalf. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("An appellate court has no duty-or even right-to perform an independent review of the record and applicable law to determine whether there was error."). The trial court struck Maldonado's second and third amended petitions that sought to add Hugo and the heirs to her lawsuit. Maldonado does not provide any argument or authority supporting a conclusion that the trial court abused its discretion by then dismissing Hugo and the heirs from this cause. *See* TEX. R. APP. P. 38.1(i). Accordingly, we overrule Maldonado's third issue.

## V.    ATTORNEY'S FEES

By her fourth issue Maldonado contends that the trial court improperly awarded attorney's fees to Crimson because attorney's fees are barred in a trespass to try title action, a party cannot recover prejudgment interest on attorney's fees, and "[t]here is no evidence in the record that any attorney fees were paid prior to the date of the judgment." This is the extent of Maldonado's argument. *See id.*

Section 16.034(a) allows a trial court to award costs and reasonable attorney's fees in a suit for adverse possession. TEX. CIV. PRAC. & REM. CODE ANN. § 16.034(a)(2); *see Pierce v. Gillespie*, 761 S.W.2d 390, 397 (Tex. App.—Corpus Christi–Edinburg 1988, no writ). The decision to award attorney's fees pursuant to § 16.034(a) is discretionary. *Pierce*, 761 S.W.2d at 397. Maldonado does not challenge the trial court's award of

attorney's fees on this basis. *See Trevino*, 685 S.W.3d at 867 ("To obtain a reversal of a trial court's judgment or order, '[a]n appellant must challenge all independent bases or grounds that fully support a judgment or appealable order.'"). Accordingly, we are unable to conclude that the trial court abused its discretion in this manner. *See Pierce*, 761 S.W.2d at 397. We overrule Maldonado's fourth issue.

## VI. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
5th day of December, 2024.