**Reversed and Remanded and Memorandum Opinion filed January 24, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00369-CV

### QUION INVESTORS, INC., Appellant

### V.

### JIM GRIBBLE AND CAROLYN GRIBBLE, Appellees

**On Appeal from the County Court at Law**
**Washington County, Texas**
**Trial Court Cause No. 2019-106**

## MEMORANDUM OPINION

Quion Investors, Inc. sued Jim and Carolyn Gribble for breach of contract and breach of trust based on a dispute involving a purported partnership between the parties to purchase and rehabilitate a home for resale. The trial court granted the Gribbles' no-evidence motion for summary judgment on both causes of action. Quion brings two issues on appeal, challenging the trial court's exclusion of statements in an affidavit in response to the summary judgment motion and the trial court's rendition of summary judgment. Concluding that the trial court abused its

discretion in excluding several challenged statements and Quion presented more than a scintilla of evidence on the challenged elements of its claims—existence of a valid contract and fiduciary relationship, we reverse and remand.

## *Background*

Jeff Appel of Quion and Carolyn Gribble both attended a foreclosure sale in Brenham, Texas. According to Quion, Appel and Carolyn agreed at the sale to "enter into a partnership to purchase and rehabilitate the [subject] property for resale." Carolyn purchased the property at the foreclosure sale. Pursuant to the alleged agreement, the Gribbles and Quion would split the purchase and rehabilitation costs and proceeds equally. During the parties' negotiations, Jim Gribble sent Appel several emails stating that they no longer wanted to form a partnership. Jim also sent Appel an email stating they never reached an agreement: "It was only IF WE could reach agreement and never did."

Quion filed its original petition, asserting causes of action for breach of contract and breach of trust. It alleged in relevant part that it entered into a verbal partnership agreement with the Gribbles at the foreclosure sale and that "as partners, the defendants owed a fiduciary duty to the Plaintiff."

The Gribbles moved for summary judgment in relevant part as follows:

**<u>No Evidence to Support Breach of Contract Claim</u>**. Plaintiff's cause of action for breach of contract is based on alleged breach of an alleged oral partnership or joint venture agreement. In order to prevail on the breach of contract claim, Plaintiffs must prove that the parties formed a partnership or joint venture. A take-nothing summary judgment on this claim is required because there is no evidence that Defendants formed a joint venture or partnership with Plaintiff. In particular, there is no evidence of:

a.     An agreement between Defendants and Plaintiff to share the profits of the alleged venture;

2

b.      An agreement between Defendants and Plaintiff to be partners or joint venturers in the alleged venture;

c.      An agreement between Defendants and Plaintiff for Plaintiff to participate in the control of the alleged venture; or

d.      An agreement between Defendants and Plaintiff to share the losses of the alleged joint venture; or

e.      An agreement between Defendants and Plaintiff that Plaintiff would contribute money or property to the alleged venture. . . .

**<u>No Evidence to Support Breach of Trust Claim</u>**. . . . Because there is no evidence to support the elements of joint venture or partnership . . . , there is no evidence of a fiduciary relationship, or a relationship that would support a breach of trust claim, and therefore Plaintiff's claim must fail as a matter of law.

Quion's entire argument in response to the summary judgment motion follows: "The attached affidavit of John Jeffrey Appel (Exhibit A) addresses every element of the Plaintiff's claim and includes an affidavit swearing to the facts in the Plaintiff's Original Petition. The allegations in the Original Petition should be reviewed in the light most favorable to the Plaintiff." Appel attested in relevant part:

- "In my capacity as vice president of Quion[,] I was prepared to bid on the house . . . which was set for foreclosure that day when I met Carolyn Gribble who was also at the sale."

- "[W]e agreed to a partnership concerning bidding on this property[.] A partnership would split the cost of the purchase, rehabilitation and sale of the house. It would also split the profit from the sale after rehabilitation, if any as well as any losses incurred."

- "The partners were agreed on that date to be Quion . . . and Carolyn Gribble and her husband Jim. We agreed that Carolyn would bid at the foreclosure sale on behalf of the partnership."

- "I committed at the auction to Carolyn Gribble on behalf of Quion . . . to pay our half of the costs of the purchase price, rehabilitation costs and costs of the eventual sale of this property and share equally in the

profit or loss."

- "Following the auction and the successful high bid by Carolyn on behalf of the newly formed partnership, Randall Patterson, the president of Quion . . . arrived and I introduced him to Carolyn as her new partner. Carolyn did not object to this characterization."

The Gribbles objected to several statements in the affidavit. The trial court sustained many of the objections and granted the motion, rendering final summary judgment "disposing of all claims and all parties."

## *Discussion*

Quion challenges the trial court's summary judgment in two issues, contending the trial court (1) abused its discretion in sustaining objections to statements in Appel's affidavit, and (2) erred in rendering summary judgment in the Gribbles' favor.

## I.     Objections to Affidavit

In its first issue, Quion asserts that the trial court abused its discretion in sustaining objections to several statements in Appel's affidavit. In particular, Quion argues the statements are not conclusory, are based on personal knowledge, and were provided in response to interrogatories served on Quion by the Gribbles.

The rules of evidence control the admissibility of evidence in summary-judgment proceedings, and we review a trial court's decision to admit or exclude summary-judgment evidence for abuse of discretion. Tex. R. Evid. 101(b); *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 163–64 (Tex. 2018). A trial court abuses its discretion when it acts arbitrarily or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling and will set aside the trial court's judgment only if the "erroneous

evidentiary ruling probably caused the rendition of an improper judgment." *Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 264 (Tex. 2012); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *see* Tex. R. App. P. 44.1(a)(1).

**Not Conclusory**. The trial court sustained objections to the following statements in Appel's affidavit on the basis that they are "legal and/or factual conclusion[s]":

- "We agreed to a partnership concerning bidding on this property . . . ."

- "A partnership would split the cost of the purchase, rehabilitation and sale of the house."

- "It would also split the profit from the sale after rehabilitation, if any as well as any losses incurred."

- "The partners were agreed on that date to be Quion Investors . . . and Carolyn Gribble and her husband Jim."

- "We agreed . . . that Carolyn would bid at the foreclosure sale on behalf of the partnership."

- "When Carolyn and I agreed to a partnership . . ."

- "Quion Investors . . . had relied on the previous verbal agreement with Carolyn Gribble."

Conclusory statements without factual support are not credible and are not susceptible to being readily controverted. *La China v. Woodlands Operating Co.*, 417 S.W.3d 516, 520 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Ryland Group v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam)). Put another way, a conclusory statement expresses "a factual inference without stating the underlying facts on which the inference is based." *Id*. (citing *Arkoma Basin Expl. Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008) (citing *Black's Law*

*Dictionary* 308 (8th ed. 2004)). Appel attested that he attended a foreclosure sale and met Carolyn at the sale and they agreed to become partners to rehabilitate and sell the subject property and split any profits or losses. He also said, albeit in an inartful manner, that the partners would be Quion and the Gribbles. His other statements recount the details of what the parties purportedly agreed to do. These statements are not conclusory because they include facts that can be rebutted, including the underlying facts from which the trial court could rule on the summary judgment motion. *See id*. We conclude the trial court abused its discretion in sustaining the above objections on the basis that they were legal or factual conclusions.

**Based on Personal Knowledge**. The Gribbles also objected to the following statement on the basis that it was not based on personal knowledge: "The partners were agreed on that date to be Quion Investors . . . and Carolyn Gribble and her husband Jim." The trial court did not rule on that objection. To preserve error for formal defects, one must (1) timely object or move to strike, (2) state the specific ground, unless it was apparent from the context, and obtain a ruling from the trial court or object to the trial court's refusal to rule. Tex. R. Evid. 103(a); Tex. R. App. P. 33.1(a); *Nationwide Coin & Bullion Reserve, Inc. v. Thomas*, 625 S.W.3d 498, 504 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). Lack of personal knowledge is a defect of form, and the Gribbles did not object to the refusal to rule. *See id*. Their objection to lack of personal knowledge is therefore waived. *See id*.

**Discovery Response**. The trial court sustained an objection to the statement "The partners were agreed on that date to be Quion Investors . . . and Carolyn Gribble and her husband Jim" on the basis that Quion "failed to provide this information in response to a discovery request." The Gribbles sent Quion an interrogatory asking Quion to state "[a]s best as possible, the exact words that were said by Carolyn

6

Gribble, and by the person or persons communicating with her on behalf of" Quion. Quion responded that Carolyn "agreed to form a partnership with the Plaintiff . . . . Before the sale, Carolyn went outside to call her husband and returned to tell Mr. Appel that both she and her husband agreed to the partnership . . . ." These statements contain all the information provided by the sentence in the affidavit. Carolyn agreed to form a partnership with the plaintiff. The plaintiff is Quion. And Carolyn told Appel that both she and her husband would be partners. We conclude the trial court abused its discretion by sustaining this objection. We sustain Quion's first issue.

## II.    Summary Judgment

In its second issue, Quion contends that the trial court erred in granting the no-evidence summary judgment in the Gribbles' favor. As an initial matter, we address the adequacy of Quion's response to the motion. As discussed, the Gribbles moved for summary judgment on Quion's claims for breach of contract and breach of trust. In its response, Quion simply stated that Appel's attached affidavit "addresses every element of the Plaintiff's claim."

A nonmovant's response to a summary judgment motion "must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979): *see* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Quion was not required to marshal its proof, but it was required to "point out evidence that raises a fact issue on the challenged elements" and not merely on the causes of actions generally. *See* Tex. R. Civ. P. 166a (cmt. to 1997 change); *see Burns v. Canales*, No. 14-04-00786-CV, 2006 WL 461518, at *4 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.). A trial

7

court does not abuse its discretion when it does not consider summary judgment proof to which a movant does not specifically direct the trial court's attention. *See Burns*, 2006 WL 461518, at *4; *see also Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ) Ordinarily, a mere reference to attached evidence is insufficient to avoid summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) ("[I]ssues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence.").

Here, Quion attached a six-page affidavit to its response as evidence challenging the no-evidence motion for summary judgment. Although the number of pages is not dispositive, the response incorporates the affidavit. Ordinarily, a trial court is not required to sort through all the non-movant's evidence to determine if a fact issue exists without any guidance concerning what evidence creates an issue on a particular element. *See Burns*, 2006 WL 461518, at *4 (citing *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 330 (Tex. App.—Houston [14th Dist.] 2005, no pet.). However, the Gribbles challenged one element of each claim (discussed below), and the evidence consists of a short affidavit incorporated into the response. Under these circumstances, we conclude the response adequately pointed to evidence raising a fact issue regarding the challenged elements. *See* Tex. R. Civ. P. 166a (cmt. to 1997 change) ("[T]he respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements."). We turn to the merits of the summary judgment issue.

We review a no-evidence summary judgment under a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). A

8

no-evidence summary judgment will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 751. Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. Tex. R. Civ. P. 166a(i); *King Ranch*, at 118 S.W.3d at 751. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *King Ranch*, at 118 S.W.3d at 751. More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.*

**Fact Question on Existence of Valid Contract**. The Gribbles moved for summary judgment on the breach of contract claim on the basis that no evidence existed of an agreement (1) to be partners or joint venturers, (2) to participate in the control of an alleged venture, (3) to share the losses or liabilities of an alleged venture, or (4) that plaintiff would contribute money or property to an alleged venture.[1] These arguments all apply to the first element of a breach of contract claim—the existence of a valid contract. *See Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). The elements of a valid contract are (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the

---

[1] Quion's asserted claim is for breach of contract. According to the Gribbles, Quion presented causes of action for "breach of the alleged partnership (or joint venture) agreement, and the other for 'breach of trust', i.e. breach of fiduciary duty." We note that the Gribbles did not specially except to the original petition. Our analysis is based on Quion's asserted breach of contract claim.

9

intent that it be mutual and binding. *Tyco Valves & Controls, L.P. v. Colorado*, 365 S.W.3d 750, 771 (Tex. App.—Houston [1st Dist.] 2012), *aff'd*, 432 S.W.3d 885 (Tex. 2014). "The elements of written and oral contracts are the same and must be present for a contract to be binding." *Id.* (citing *Wal–Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548, 555 (Tex. App.—Houston [14th Dist.] 2002, no pet.)).

Appel attested that he and Carolyn met at the foreclosure sale and "agreed to a partnership [that] would split the cost of the purchase, rehabilitation and sale of the house [and] also split the profit from the sale after rehabilitation." He further stated, "The partners were agreed on that date to be Quion Investors, Inc and Carolyn Gribble and her husband Jim" and "When Carolyn Gribble and I agreed to a partnership prior to the auction, I did not bid on this property because I relied on our verbal agreement that she would hold title on behalf of the partnership. [sic] that we had a partnership." These statements raise more than a scintilla of evidence that Quion and the Gribbles had a partnership agreement—in other words, Quion presented some evidence that Appel made an offer on behalf of Quion, the Gribbles accepted, the parties had a meeting of the minds and consented to the proposed terms, and an oral contract was formed. Accordingly, the trial court erred in granting summary judgment on Quion's breach of contract claim.

**Fact Question on Fiduciary Duty**. In its breach of trust claim, Quion alleged that the Gribbles owed Quion a fiduciary duty that they breached "when they terminated the partnership." We interpret this as a breach of fiduciary duty claim.[2] The Gribbles moved for no-evidence summary judgment on the grounds that no

---

[2] The breach of trust claim tracks the elements of a breach of fiduciary duty claim. *See Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 650 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("The elements of a claim for breach of fiduciary duty are (1) a fiduciary relationship existed between the plaintiff and the defendant, (2) the defendant breached its fiduciary duty, and (3) the breach resulted in injury to the plaintiff or benefit to the defendant.").

10

partnership agreement existed and there is no evidence of a fiduciary relationship. To recover on a breach-of-fiduciary-duty claim, a plaintiff must first establish the existence of a fiduciary relationship. *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 650 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also Meyer v. Cathey*, 167 S.W.3d 327, 330–31 (Tex. 2005). Fiduciary duties arise as a matter of law in certain formal relationships, including partnerships. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998). As discussed, Quion presented some evidence that the parties entered into a partnership agreement. In that same vein, there is more than a scintilla of evidence that the parties were partners and thus had a fiduciary relationship. Accordingly, the trial court erred in granting summary judgment on Quion's breach of fiduciary duty claim.

## *Conclusion*

We conclude Quion presented more than a scintilla of evidence on the challenged elements of its claims—existence of a valid contract and a fiduciary relationship. We reverse the trial court's judgment and remand for further proceedings.

/s/ Frances Bourliot
   Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.

11